FILED IN
COURT OF CRIMINAL APPEALS

Janusry 14, 2015

ABEL ACOSTA, CLERK

PD-1613-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/6/2015 11:11:18 AM
Accepted 1/14/2015 4:08:38 PM
ABEL ACOSTA
CLERK

## No. PD-1613-14

In the
Court of Criminal Appeals of Texas
At Austin

————————◆————————

## No. 14-14-00054-CR

In the Court of Appeals
For the Fourteenth District of Texas
At Houston

————————◆————————

## No. 1571823

In County Criminal Court at Law # 2
Of Harris County, Texas

————————◆————————

## THE STATE OF TEXAS
*Appellant*
v.
## BRIAN WEI
*Appellee*

————————◆————————

State's Petition for Discretionary Review

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**RISHABH GODHA**
Assistant District Attorney
Harris County, Texas

**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for the Appellant*

ORAL ARGUMENT REQUESTED

## Statement Regarding Oral Argument

This case involves an unfortunately mangled area of constitutional law. The State requests oral argument to allow the parties to answer any questions this Court might have.

## Identification of the Parties

Counsel for the State:

| | |
|---|---|
| District Attorney of Harris County — | **Devon Anderson** |
| Assistant District Attorney at trial — | **Rishabh Godha** |
| Assistant District Attorney on appeal — | **Clinton A. Morgan** |
| | 1201 Franklin St. |
| | Houston, Texas 77002 |

Appellee: **Brian Wei, aka Fu Jiuh Wei**

Counsel for the Appellee at trial and on appeal: **James Stafford**
515 Caroline St.
Houston, Texas 77002

Trial Judge:

Presiding judge — **William T. Harmon**

i

# Table of Contents

**Page**

Statement Regarding Oral Argument.................................................. i

Identification of the Parties.......................................................... i

Table of Contents......................................................................... ii

Index of Authorities....................................................................iv

Statement of the Case .................................................................1

Statement of Issues Presented ....................................................1

Statement of Procedural History.................................................1

**First Ground for Review**

The Court of Appeals erred in holding that a 51-month pre-trial delay created a presumption of harm so strong as to require dismissal even in the absence of actual harm.........................................................................2

   I.   Background ......................................................................5

     A.   The appellee was not arrested at the time charges were filed because he was hospitalized after his drunk-driving wreck..........................................5

     B.   The trial court held that the length of delay, alone, was sufficient to require dismissal. ......................................................................6

   II.   The Court of Appeals's Opinion..........................................8

     A.   The only dispute on appeal was whether the appellee was harmed by the delay. ......................................................................8

     B.   The State argued that a 51-month delay does not create a sufficient presumption of harm to require dismissal, and requested that the Court of Appeals announce a rule. ......................................................................8

     C.   The Court of Appeals rejected the State's proposed rules, but gave no indication of what rule it actually followed.................................................13

   III.   Problems with the Court of Appeals's Opinion .......................................14

     A.   The Court of Appeals misread the Fifth Circuit cases; the State would have prevailed under Fifth Circuit precedent. .............................................14

B.   *Gonzales* does not resolve this case. .......................................................15

C.   The Court of Appeals's opinion implies that the particular period of delay is irrelevant to the resolution of a speedy-trial claim so long as the delay exceeds eight months. .......................................................................15

**Second Ground for Review**

The Court of Appeals erred in using an unpublished opinion from this Court as authority to overrule one of its prior precedents. ...............................................17

Conclusion ...................................................................................... 21

Certificate of Compliance and Service .......................................... 22

Appendix .......................................................................................... 23

*State v. Wei*, ___ S.W.3d ___, No. 14-14-00054-CR, 2014 WL 5791548 (Tex.  App.—Houston [14th Dist.] Oct. 2, 2014)

# Index of Authorities

**Cases**

*Barker v. Wingo*
704 U.S. 514 (1972) ............................................................................................9

*Doggett v. United States*
505 U.S. 647 (1992) ..................................................................... passim

*Dragoo v. State*
96 S.W.3d 308 (Tex. Crim. App. 2003) .............................................................11

*Ex parte Walker*
928 So. 2d 259 (Ala. 2005).................................................................................10

*Gonzales v. State*
04-11-00405-CR, 2012 WL 1364981 (Tex. App.—
San Antonio Apr. 18, 2012) *rev'd* 2013 WL 765575 (Tex. Crim. App. Feb. 27,
2013) (mem. op. not designated for publication).................................................18

*Gonzales v. State*
04-11-00405-CR, 2013 WL 4500656, at *1 (Tex. App.—
San Antonio Aug. 21, 2013) *aff'd*, 435 S.W.3d 801 (Tex. Crim. App. 2014)
(mem. op. not designated for publication) ..........................................................19

*Gonzales v. State*
435 S.W.3d 801 (Tex. Crim. App. 2014)............................................. 13, 14, 19

*Gonzales v. State*
PD-0724-12, 2013 WL 765575 (Tex. Crim. App. Feb. 27, 2013)
(not designated for publication) ..........................................................................18

*Harris v. State*
827 S.W.2d 949 (Tex. Crim. App. 1992)............................................................16

*Shaw v. State*
117 S.W.3d 883 (Tex. Crim. App. 2003) ...........................................................12

*State v. Ollivier*
312 P.3d 1 (Wash. 2013) ....................................................................................10

*State v. Sears*
849 N.E.2d 1060 (Ohio Ct. App. 2005)..............................................................11

*State v. Shannon*
17 So. 3d 1061 (La. Ct. App. 2009)....................................................................10

*State v. Wei*
   __ S.W.3d __, No. 14-14-00054-CR, 2014 WL 5791548 (Tex. App.—
Houston [14th Dist.] November 6, 2014, no pet. h.) ........................ 2, 8, 16, 19

*State v. Wei*
   No. 14-14-0054-CR, 2014 WL 4923279 (Tex. App.—
Houston [14th Dist.] October 2, 2014) (op. withdrawn) .................................2

*United States v. Erenas-Luna*
   560 F.3d 772 (8th Cir. 2009) .................................................................10

*United States v. Ferreira*
   665 F.3d 701 (6th Cir. 2011) .................................................................10

*United States v. Ingram*
   446 F.3d 1332 (11th Cir. 2006) ..............................................................10

*United States v. Reagan*
   725 F.3d 471 (5th Cir. 2013) .................................................................14

*United States v. Serna-Villarreal*
   352 F.3d 225 (5th Cir. 2003) ............................................................ 10, 14

*United States v. Toombs*
   574 F.3d 1262 (10th Cir. 2009) ..............................................................10

*Zamorano v. State*
   84 S.W.3d 643 (Tex. Crim. App. 2002) ......................................................11

## Rules

Tex. R. App. P. 77.3 ..............................................................................20

## Other Authorities

Wayne R. LaFave *et al.*, Criminal Procedure (3rd ed. 2007) ...............................10

To the Honorable Court of Appeals:

## Statement of the Case

In January 2009, the appellee was charged by information with driving while intoxicated. (CR 5). The information alleged a prior conviction for driving while intoxicated. (CR 5). The appellee was not arrested for the warrant until April, 2013. (CR 8). In June 2013, the appellee filed a Motion to Dismiss for Speedy Trial Violation. (CR 8-12). The trial court held a hearing and granted the motion on December 19, 2013. (CR 22).

## Statement of Issues Presented

First ground for review: The Court of Appeals erred in holding that a 51-month pre-trial delay created a presumption of harm so strong as to require dismissal even in the absence of actual harm.

Second ground for review: The Court of Appeals erred in using an unpublished opinion from this Court as authority to overrule one of its prior precedents.

## Statement of Procedural History

On direct appeal, the State argued that the trial court erred in dismissing the information because the appellee had not shown he was harmed by the delay, and the length of the delay was insufficient to warrant a presumption of

1

harm. On October 2, 2014, a panel of the Fourteenth Court of Appeals issued an opinion affirming the trial court, and holding that the delay in this case was long enough to create a presumption of harm. *See State v. Wei*, No. 14-14-00054-CR, 2014 WL 4923279 (Tex. App.—Houston [14th Dist.] October 2, 2014) (op. withdrawn).

On October 17, 2014, the State filed a motion for reconsideration *en banc*, pointing out that the panel had failed to distinguish prior contrary precedent from another panel of the Fourteenth Court. On November 6, 2014, the panel withdrew its prior opinion and issued another opinion again affirming the trial court. *See State v. Wei*, ___ S.W.3d ___, No. 14-14-00054-CR, 2014 WL 5791548, at *1 (Tex. App.—Houston [14th Dist.] Nov. 6, 2014). On that same date, it denied the State's motion for reconsideration as moot.

## First Ground for Review

**The Court of Appeals erred in holding that a 51-month pre-trial delay created a presumption of harm so strong as to require dismissal even in the absence of actual harm.**

The question in this case is how long an arrest warrant can go unserved before a defendant is entitled to a dismissal, with prejudice, of the charges against him. This Court should grant review because there should be a standard answer statewide for this question rather than arbitrary, *ad hoc* decisions by lower courts.

2

The State filed charges against the appellee but he did not know about those charges, and the State made no effort to prosecute him, for 51 months. Though defendants who file speedy-trial claims typically must show harm from the delay, the Supreme Court has held that after some amount of time — the period of delay in the controlling case was six years — courts will presume harm as a matter of law and the defendant will be entitled to a dismissal. Though it provided no principled reason for so holding, the Court of Appeals in this case held, in a published opinion, that 51 months was sufficient to require dismissal.

The arbitrary nature of the Court of Appeals's published holding will create several problems. First, because the Court of Appeals provided no basis for why 51 months was a particularly meaningful number, it will encourage other trial and appellate courts to act in a similarly arbitrary manner. If 51 months requires dismissal, why doesn't 48? Or 40? Indeed, there is nothing in the Court of Appeals's opinion that would be inconsistent with requiring dismissal after a delay of only 9 months. Considering the importance of the subject — whether a defendant gets a free pass regardless of guilt — this Court should not allow each lower court to come up with its own arbitrary threshold for dismissal.

Second, the present state of the law leaves Texas defendants ignorant of their rights, and Texas prosecutors ignorant of their deadlines. The facts of this case, as they apply to Sixth Amendment speedy-trial law, are common and will be repeated

3

in the future: Through sheer negligence, the State failed to arrest a defendant for a lengthy period of time, but because he was ignorant of the pending charges the defendant suffered no discernible harm from the delay. If there is to be a point in time at which charges in cases like this must be dismissed (and the Supreme Court says there must), it does not serve the ends of justice to require the parties to guess at when that point is and then spend months or years litigating the matter.[1] In the absence of meaningful guidance from the Supreme Court, numerous other courts of last resort have established time limits for their jurisdictions, and this Court should do the same.

Third, these arbitrary decisions will create a ratcheting effect. When faced with this published opinion, Texas prosecutors will not appeal dismissals where the pre-arrest delay was 51 months or more. The only cases that will make their way to the appellate courts are cases where the delay is less than 51 months. Once a Texas court arbitrarily holds that a shorter delay — say, 42 months —  requires dismissal, then prosecutors will stop appealing cases where the delay is longer than that. Without specific, controlling precedent from this Court, the lower courts of this State will, gradually and unintentionally, shorten the period of delay required for defendants to receive windfall dismissals.

---

[1] More than 16 months elapsed between the appellee filing a motion to dismiss and the Court of Appeals releasing its final opinion.

4

Finally, the Court of Appeals's decision will increase the number of defendants receiving dismissals based not on innocence or prosecutorial malfeasance, but mere negligence by police agencies. This case does not concern defendants who can show that they were actually harmed by pre-trial delay — those who are incarcerated or who are suffering the mental anguish and inconvenience of pending charges and monthly visits to the courthouse. This case concerns only defendants who are unaware of the charges against them and who, because of police negligence,[2] have not been arrested. As a matter of policy, courts should be loath to give these defendants a free pass on the charges without some showing that they were harmed by the delay, and thus should seek to increase, not decrease, the period of delay required before requiring dismissal.

## I. Background

### A. The appellee was not arrested at the time charges were filed because he was hospitalized after his drunk-driving wreck.

On the evening of January 2, 2009, the appellee was driving on the Sam Houston Tollway and struck another vehicle from behind. (State's Ex. 2). The other vehicle was not seriously damaged, but the appellee's vehicle swerved and hit the concrete barrier in the middle of the freeway. (State's Ex. 2). First

---

[2] Though the caselaw refers to such causes as "negligence," the reason the Harris County Sheriff's Department did not serve the warrant in this case is that it devotes its resources to serving felony warrants and relies on traffic enforcement to serve misdemeanor warrants. (2 RR 9-11). Prosecutors generally have little control over how their county's sheriff uses his resources.

responders found the appellee pinned under his vehicle. (State's Ex. 2). There was "a distinct odor of an alcoholic beverage coming from the general area of the [appellee's] location." (State's Ex. 2). The appellee was transported to Ben Taub Hospital, where his left arm was amputated at the elbow. (State's Exs. 1, 2). A sample of the appellant's blood taken at the hospital had a blood-alcohol content of .171. (State's Ex. 2). The appellee was discharged from the hospital on January 10, 2009. (State's Ex. 2).

While the appellee was in the hospital, the State filed charges against him for driving while intoxicated. (CR 4-5). The arrest warrant was never served, in part because the Harris County Sherriff's Department has no policy on how to handle arrest warrants that are issued for hospitalized misdemeanants. (2 RR 24-25). The appellee turned himself in and posted bond on April 30, 2013. (2 RR 6; State's Ex. 3; CR 8).

### B. The trial court held that the length of delay, alone, was sufficient to require dismissal.

Less than two months after turning himself in, the appellee filed a motion to dismiss the charge. (CR 8-12). The appellee claimed that the 51-month delay between the date charges were filed and the date of his arrest violated his right, guaranteed by the Sixth Amendment of the federal constitution, to a speedy trial.

The trial court held a hearing on this motion on December 19, 2013. (RR 1). The only witness was Sergeant Gary Elofson of the Harris County Sheriff's Office. (RR 8). Elofson testified regarding how, generally, warrants are recorded and served in Harris County. (RR 9-14). He also testified, based on documentation, regarding the history of the warrant related to this case. (RR 17-20). Based on Elofson's testimony, there is no evidence that law enforcement ever attempted to serve the warrant in this case. Elofson explained that if a defendant is in the hospital at the time charges are filed, there is no procedure for monitoring the defendant and arresting him unless it is an "extreme circumstance," such as a "murder suspect." (RR 24-25).

The appellee offered no evidence. (RR 27-28). Without requesting argument, the trial court granted the appellee's motion. (RR 28). When the State requested findings of fact, the trial court stated that "a four year three month period was a completely unreasonable amount of time for no effort to be made in order to arrest the defendant." (RR 28-29). The State sought clarification, asking whether the trial court considered any other factors. (RR 30). The trial court responded that "the length of delay and the fact that the [appellee] resided at the same address and the total lack of any effort to affect his arrest … overpowered all the other factors with regards to his right to have a speedy trial." (RR 30).

## II. The Court of Appeals's Opinion

### A. The only dispute on appeal was whether the appellee was harmed by the delay.

On direct appeal, there was only one issue of contention among the parties, thus the State takes little issue with much of the Court of Appeals's opinion. Speedy trial claims are assessed using the four *Barker* factors: 1) whether the delay was uncommonly long; 2) the reason for the delay; 3) whether and how the defendant asserted his right to a speedy trial; and 4) the harm that the defendant suffered from the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992). The parties and the Court of Appeals generally agreed regarding the first three: The delay was uncommonly long; it was caused by the State's negligence; and the appellee's assertion of his right shows that he did not acquiesce in the delay. *Wei*, 2014 WL 6791548 at *2-3. In such cases, the only question regards the fourth *Barker* factor. There was no evidence that the appellee was harmed. *Id*. at *3.

### B. The State argued that a 51-month delay does not create a sufficient presumption of harm to require dismissal, and requested that the Court of Appeals announce a rule.

*Barker* described three types of harm caused by pretrial delay: 1) pretrial incarceration; 2) anxiety caused by pending charges; and 3) impairment of the defendant's ability to mount a defense. *Barker v. Wingo*,

8

704 U.S. 514, 532 (1972). In most cases, a defendant must show some sort of actual harm caused by the delay. However, in *Doggett*, the Supreme Court held that if the first three *Barker* factors weigh heavily enough against the prosecution, a defendant does not need to prove particularized harm in order to prevail. *Doggett*, 505 U.S. 657-58. In that case, the defendant was not arrested for six years after charges were filed due to the negligence of law enforcement. *Ibid*. The court held that although, under the second part of the *Barker* analysis, negligence weighs only slightly against the prosecution, the weight of the negligence increases as the delay lengthens, thus six years of negligence was sufficient to relieve the defendant of his burden to show particularized harm. *Ibid*.

The basis for this holding was the *Doggett* court's belief that at *some* point in time, pre-trial delay "compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id*. at 655. At that time, a court can presume harm for purposes of the *Barker* analysis. However, other than noting that six years was "clearly sufficient," *id*. at 657, the *Doggett* court did not note *when* that point in time is.

In its brief, the State provided extensive argument to the Court of Appeals showing that there was little meaningful guidance from Texas courts about when to apply the *Doggett* presumption, and considerable disagreement

9

among courts in other jurisdictions. (*See* [State's Appellate Brief](#) at 11-26). For instance, the Fifth Circuit has established a bright-line rule that it will only reverse a case based on the *Doggett* presumption if the period of delay exceeds five years. *See United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003). The five-year rule seems to have been acknowledged as the majority rule. *See* Wayne R. LaFave *et al.*, CRIMINAL PROCEDURE § 18.2(e) (3rd ed. 2007) (referring to *Serna-Villarreal's* statement as general rule); *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009) (following *Serna-Villarreal's* rule), *State v. Ollivier*, 312 P.3d 1, 18 (Wash. 2013) (same); *Ex parte Walker*, 928 So. 2d 259, 270 (Ala. 2005) (same); *State v. Shannon*, 17 So. 3d 1061, 1067 (La. Ct. App. 2009) (same).

However, a significant number of courts, including some federal circuits, have presumed harm at periods of time far shorter than five years. *See United States v. Erenas-Luna*, 560 F.3d 772, 780 (8th Cir. 2009) (dismissing charges based on presumed harm of 36-month delay); *United States v. Battis*, 589 F.3d 673, 683 (3d Cir. 2009) (dismissing charges based on presumed harm of 35-month delay); *United States v. Ferreira*, 665 F.3d 701, 707-08 (6th Cir. 2011) (same); *United States v. Ingram*, 446 F.3d 1332, 1339 (11th Cir. 2006) (dismissing charges based on presumed harm of 21-month delay); *State v.*

*Sears*, 849 N.E.2d 1060, 1063 (Ohio Ct. App. 2005) (dismissing charges based on presumed harm of 9-month delay).

There is no binding precedent from this Court as to when the presumption of harm becomes strong enough to require dismissal. In *Zamorano v. State*, 84 S.W.3d 643 (Tex. Crim. App. 2002), this Court cited *Doggett* and stated that a 46-month delay "weighs heavily against the State," but in its discussion of the fourth *Barker* factor, harm, the opinion made no mention of the length of the delay or any associated presumption. *See Zamorano*, 84 S.W.3d at 649, 652-54. The *Zamorano* court laid out the three types of harm that *Barker* had mentioned — 1) pretrial incarceration; 2) anxiety and concern while awaiting trial; 3) impairment of the defense — and concluded that Zamorano had proven he suffered the second type of harm, but the third type of harm was "not strongly implicated." *Id.* at 652-54.  However, the presumption of harm that comes from the mere passage of time relates *exclusively* to the third type of harm. *Doggett*, 505 U.S. at 654-56. Thus it does not seem that the *Doggett* presumption played a role in the outcome of the case.

In *Dragoo v. State*, 96 S.W.3d 308 (Tex. Crim. App. 2003), this Court cited to *Zamorano*'s discussion of *Doggett* and stated that a 36-month delay was presumptively harmful, but whatever harm was presumed played no role in

11

the decision because Dragoo had acquiesced to the delay, thus dismissal was inappropriate. *Dragoo*, 96 S.W.3d at 312, 315. Similarly, in *Shaw v. State*, 117 S.W.3d 883 (Tex. Crim. App. 2003), this Court stated that a 38-month delay "weigh[ed] heavily in favor of finding a [speedy-trial] violation," but concluded that the defendant was not entitled to a dismissal because he had acquiesced to much of the delay. *Shaw*, 117 S.W.3d at 890. If the question is, "How much delay is required before the presumption of harm becomes so strong as to require dismissal?", *Zamorano*, *Dragoo*, and *Shaw* provide no meaningful guidance.

In light of the lack of binding precedent, and the lack of consensus among courts in other jurisdictions, the State asked the Court of Appeals to adopt the strictest holding of *Doggett*, namely that presumed harm will require reversal after a delay of six years. Alternatively, the State pointed out that adopting the Fifth Circuit's five-year rule would at least clear up any ambiguity for future cases. Under either of these proposed rules, the presumed harm of the 51-month delay in this case would not require dismissal.

**C. The Court of Appeals rejected the State's proposed rules, but gave no indication of what rule it actually followed.**

In its opinion, the Court of Appeals purported to rely on this Court's opinion in *Gonzales v. State*, 435 S.W.3d 801 (Tex. Crim. App. 2014), which was released after the parties submitted their briefs. In *Gonzales*, this Court held that the presumed harm of a six-year delay required dismissal because the State did not rebut the presumed harm. *Gonzales*, 435 S.W.3d at 810. As the Court of Appeals noted, *Gonzales* relied on two Fifth Circuit cases, *United States v. Cardona*, 302 F.3d 494, 498 (5th Cir. 2002) (holding that five-year delay required dismissal) and *United States v. Molina-Solario*, 577 F.3d 300, 304 (5th Cir. 2009) (holding that ten-year delay required dismissal). The Court of Appeals examined *Gonzales*, *Cardona*, and *Molina-Solario* and concluded that because none of these cases explicitly stated a magic number regarding the length that would require dismissal, any time there is any presumption of harm the defendant is entitled to a dismissal unless the State rebuts that presumption. *Wei*, 2014 WL 5791548 at \*4-5. Because the State did not show that the appellee was not harmed by the 51-month delay in this case, the Court of Appeals held that the appellee was entitled to dismissal. *Id*. at \*6.

### III. Problems with the Court of Appeals's Opinion

#### A. The Court of Appeals misread the Fifth Circuit cases; the State would have prevailed under Fifth Circuit precedent.

The most glaring problem with the Court of Appeals's opinion is its use of the Fifth Circuit cases of *Cardona* and *Molina-Solario*. The Court of Appeals's observation that these cases did not cite to any "magic number" before presuming harm is true, as far as it goes, but it ignores the background against which these cases were decided. The Fifth Circuit is actually the leading court for using a magic number in deciding speedy-trial cases, and that magic number is five years. *See, e.g., Serna-Villarreal*, 352 F.3d at 232; *United States v. Reagan*, 725 F.3d 471, 487 (5th Cir. 2013) (20-month delay did not create presumption of prejudice because "delays of less than five years cannot alone support a presumption of prejudice"). If *Cardona* and *Molina-Solario* did not mention a magic number it is probably because the delay in those cases was longer than five years, thus the five-year threshold was irrelevant. Had the Court of Appeals faithfully applied Fifth Circuit precedent to this case, it would have reversed the trial court because the delay in this case was less than five years.

In *Gonzales*, this Court made a point of noting that it had routinely followed Fifth Circuit precedent regarding speedy-trial claims. *See Gonzales*, 435 S.W.3d at 813 n.10. While (for reasons that can be better explained if this Court grants review) the State believes a six-year rule is a more faithful interpretation of

*Doggett*, if this Court is serious about following Fifth Circuit precedent in this area of the law it should adopt the five-year rule and reverse the Court of Appeals.

**B. *Gonzales* does not resolve this case.**

Though the Court of Appeals's opinion purported to rely almost exclusively on *Gonzales*, that case does not provide a resolution here. The delay in *Gonzales* was greater than six years, and *Doggett* held that a delay of six years creates a presumption of prejudice so strong as to require reversal. *Gonzales* is completely consistent with both of the State's proposed rules. The question the State presented here is whether the *Doggett* presumption applies prior to the six-year point, and, if so, when. *Gonzales* does not answer that question.

**C. The Court of Appeals's opinion implies that the particular period of delay is irrelevant to the resolution of a speedy-trial claim so long as the delay exceeds eight months.**

Part of the problem with the Court of Appeals's decision not to announce a rule regarding the period of delay that requires reversal is that its opinion can be read to require dismissal after very short periods of delay. The only cutoff mentioned in the Court of Appeals's opinion is that a speedy-trial inquiry is only appropriate once the delay exceeds eight months;[3] other than that, the Court of Appeals provided no cutoff for when the presumption of harm applies.

---

[3] The general rule is that a speedy-trial analysis is triggered when the delay reaches one year. *See, e.g., Doggett*, 505 U.S. at 652 n.1. There is, however, a smaller, older line of cases holding that

Does that mean that the Court of Appeals's opinion would require dismissal after a delay of nine months? Certainly the Court of Appeals made plain that it had little concern for the passage of particular periods of time. It noted that the delay in this case was "only nine months less than that of *Cardona*," *Wei*, 2014 WL 5791548, implying that a difference of nine months between cases was irrelevant. But if the nine-months' difference between this case and *Cardona* is irrelevant, the Court of Appeals gave no reason to believe the nine-months' difference between this case and a case with a 42-month delay would be relevant. Or between a case with a 42-month delay and a case with a 33-month delay. *Etc., etc., etc.* The only possible ends to this would be 1) an arbitrary declaration that one nine-month difference (say, between 33 and 24 months) was somehow more significant than another nine-month difference; or 2) holding that any delay of more than 8 months triggers the *Doggett* presumption of harm.

The explicit holding of *Doggett* is that at some point the delay in a case becomes so presumptively harmful as to require dismissal; the unstated holding must be that prior to that point the delay is *not* so presumptively harmful. By treating the difference between a delay of 51 months and a delay of 60 months as being utterly irrelevant, and then failing to provide any guidance as to what

---

the inquiry is triggered after only eight months. *See, e.g., Wei*, 2014 WL 5791548 at *2 (citing *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992)). These lines of cases have coexisted for decades without note.

difference *would* be relevant, the Court of Appeals failed in its obligation to explain the outcome of this case to the parties. By choosing to publish its opinion, the Court of Appeals has thoroughly muddied the speedy-trial jurisprudence of this State and will no doubt encourage similarly arbitrary decisions by other courts. The *Doggett* presumption of harm is one of the most powerful presumptions in the criminal law;[4] it should not be applied in such an arbitrary and unpredictable manner.

The ultimate holding of the Court of Appeals's opinion is that at an unknown point in time courts will presume an unknown harm. *Doggett* requires the presumption of the unknown harm; this Court should grant review and plainly state the law so that prosecutors and defendants will know, at least, when that presumption applies.

### Second Ground for Review

**The Court of Appeals erred in using an unpublished opinion from this Court as authority to overrule one of its prior precedents.**

Prior to this case, a valid, published case from the Fourteenth Court held that even after a 57-month delay a defendant must show harm to win dismissal on

---

[4] While *Doggett* theoretically allows for the prosecution to rebut the presumption of harm, the Supreme Court admitted that doing so might be practically impossible. *See Doggett*, 505 U.S. at 658 n.4. There are cases where courts have held that the *Doggett* presumption was "extenuated" by showing that the defendant acquiesced to the delay, but the State has been unable to find a single case in any jurisdiction where a court has held that the prosecution actually rebutted the *Doggett* presumption.

speedy-trial grounds. *See Guajardo v. State*, 999 S.W.2d 566, 571 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). In its brief and motion for rehearing, the State pointed to this case and, while criticizing some of its reasoning, noted that on the narrow issue of presumed harm it was still binding precedent that should control this case. Citing to a prior, unpublished decision of this Court in *Gonzales*, the Court of Appeals disagreed.

The Fourth Court's original, unpublished, opinion in *Gonzales* relied on *Guajardo*'s holding, which the Fourth Court summarized: "[A]lthough showing of actual prejudice is not required, defendant has the burden to make some showing of prejudice." *See Gonzales v. State*, 04-11-00405-CR, 2012 WL 1364981 (Tex. App.—San Antonio Apr. 18, 2012) (mem. op. not designated for publication) ("*Gonzales I*"). Based on this interpretation of *Guajardo*, the Fourth Court in *Gonzales I* announced that although it made the *Doggett* presumption of harm based solely on the passage of time, the defendant's claim failed because he made no showing of harm.[5] *Id.* at *3. In an unpublished opinion, this Court pointed out that the entire point of the *Doggett* presumption was to relieve the defendant of his burden to show actual harm and remanded the case to the Court of Appeals for a harm analysis. *Gonzales v. State*, PD-0724-12, 2013 WL 765575 (Tex. Crim. App. Feb. 27, 2013) (not designated for publication) ("*Gonzales II*"). On remand, the

---

[5] The *Guajardo* court made no such presumption, and did not mention *Doggett*, so *Gonzales I* was a curious application of *Guajardo*.

Fourth Court, in an unpublished opinion, found that the delay was harmful and ordered a dismissal, and this Court subsequently affirmed that decision in a published opinion. *See Gonzales v. State*, 04-11-00405-CR, 2013 WL 4500656, at *1 (Tex. App.—San Antonio Aug. 21, 2013) (mem. op. not designated for publication) ("*Gonzales III*"); *Gonzales*, 435 S.W.3d 801 ("*Gonzales IV*").

In this case, the Court of Appeals's original opinion made no reference to *Guajardo* at all. The State filed a motion for rehearing *en banc*, pointing out that the holding in this case conflicted with *Guarjardo* and requesting that the court reconsider *en banc* which case was controlling. In response, the panel reissued its opinion with an additional three paragraphs asserting that *Guarjardo* somehow conflicted with *Gonzales IV* and was therefore no longer good law. *Wei*, 2014 WL 5791548 at *4-5.

However, this Court's published opinion in *Gonzales IV* says nothing that undermines the validity of *Guajardo*. The issue in *Gonzales IV* was whether, after a *Doggett* presumption had been made, the State had rebutted the presumption or shown that the defendant acquiesced to the delay. *Gonzales*, 435 S.W.3d at 814-15. Nothing in that opinion spoke to *Guajardo*'s holding that, after a 57-month delay a defendant still must show actual harm in order to gain a dismissal; were it not for the discussion of *Guajardo* in *Gonzales I* and *II*, there would be no reason to believe that *Gonzales IV* had any bearing on *Guajardo*. As noted above, if the

19

stated holding of *Doggett* is that at a certain point the presumed harm caused by delay becomes strong enough to require dismissal, the unstated holding is that prior to that point the presumed harm is not strong enough to require dismissal. *Guajardo* and *Gonzales IV* are easily reconcilable if that point occurs between 57 months and 72 months, which is precisely the argument that the State made, but which the Court of Appeals did not address.

The State believes the Court of Appeals improperly used an unpublished opinion from this Court as authority to overturn inconsistent caselaw. This not only violates Rule of Appellate Procedure 77.3, more importantly it deprives this Court of the ability to control the precedential value of its own cases. It is not often that this Court declines to publish cases on discretionary review, so there must have been a good reason for doing so in *Gonzales II*. By using that opinion's reasoning to reject *Guajardo*, the Court of Appeals disobeyed the Rules of Appellate Procedure and interfered with this Court's control of the state's criminal jurisprudence. This Court should grant review and reverse the Court of Appeals for so doing.

## Conclusion

The State asks that this Court grant review and reverse the Court of Appeals.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

## Certificate of Compliance and Service

I certify that, according to Microsoft Word's word-counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 4,487 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

James Stafford
keyserstaf@aol.com

Lisa McMinn
State Prosecuting Attorney
information@spa.texas.gov

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
Texas Bar No. 24071454

Date: January 6, 2014

**Appendix**

*State v. Wei*, ___ S.W.3d ___, No. 14-14-00054-CR, 2014 WL 5791548 (Tex. App.—Houston [14th Dist.] Oct. 2, 20

2014 WL 5791548
Court of Appeals of Texas,
Houston (14th Dist.).

The STATE of Texas, Appellant
v.
Brian WEI, Appellee.
No. 14–14–00054–CR. | Nov. 6, 2014.

**Synopsis**
**Background:** Following a delay of 51 months from date charges were filed for driving while intoxicated (DWI) and date of defendant's arrest when he turned himself in, defendant moved to dismiss. The Criminal Court at Law No. 2, Harris County, granted motion. State appealed.

**Holdings:** The Court of Appeals, Sharon McCally, J., held that:

[1] eight-month delay from the time of arrest and the hearing on dismissal motion was not to be included in analysis of speedy trial claim;

[2] 51-month delay was presumptively unreasonable and triggered analysis of other three *Barker* factors for claim;

[3] delay was caused by the State's negligence;

[4] moving to dismiss rather than seeking a speedy trial did not weaken defendant's assertion of speedy trial right; and

[5] prejudice caused by delay was presumed.

Affirmed.

West Headnotes (23)

[1] **Criminal**        **Law**

Constitutional guarantees; speedy trial in general

The standard to enforce the state constitutional right to a speedy trial is the same standard the federal courts use to enforce the Sixth Amendment right to a speedy trial. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[2] **Criminal**        **Law**

Accrual of right to time restraints

The right to a speedy trial attaches once a person is either arrested or charged. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[3] **Criminal**  **Law**

In general;  balancing test

A speedy trial claim is analyzed on a case-by-case basis by balancing the following factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice inflicted on the defendant by the delay. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[4] **Criminal**  **Law**

In general;  balancing test

**Criminal**  **Law**

Circumstances as determinative

No single factor under the *Barker* speedy trial analysis is either necessary or sufficient to establish a violation of the right to a speedy trial; rather, the *Barker* factors must be considered together, along with any other relevant circumstances. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[5] **Criminal**  **Law**

Presumptions and burden of proof

If the delay from the date of accusation until trial is unreasonable enough to be presumptively prejudicial, the first factor under the *Barker* speedy trial analysis is satisfied and analysis of the remaining three factors is triggered. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[6] **Criminal**  **Law**

Presumptions and burden of proof

The State must satisfy its burden under the *Barker* speedy trial analysis of justifying the length of the delay, while the defendant must meet his burden of proving the assertion of the right and showing prejudice; the State's reason for the delay serves to determine how heavily the length of the delay should weigh against it, and defendant's burden of proof varies inversely to the State's degree of culpability for the delay. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[7] **Criminal**  **Law**

Demand for trial

**Criminal** **Law**

Prejudice or absence of prejudice

The greater the State's bad faith or official negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[8]     **Criminal**                                            **Law**



Review De Novo

**Criminal**                                            **Law**



Time of trial;  continuance

The Court of Appeals applies a bifurcated standard of review to a trial court's ruling on a speedy trial claim; the factual components are reviewed for an abuse of discretion, while the legal components are reviewed de novo. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[9]     **Criminal**                                            **Law**



Time for trial

Appellate review of the individual *Barker* speedy trial factors necessarily involves factual determinations and legal conclusions, but the balancing test as a whole is a purely legal question. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[10]    **Criminal**                                            **Law**



Time of trial and continuance

With regard to the trial court's determination of factual issues when reviewing a ruling on a speedy trial claim, the Court of Appeals views all the evidence in the light most favorable to the trial court's ruling. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[11]    **Criminal**                                            **Law**



Delay caused by accused

Eight-month delay from the time of defendant's arrest for driving while intoxicated (DWI) until the hearing on his motion to dismiss claiming violation of speedy trial right was not to be included in analysis of claim, where delay was the result of seven resets, six of which were requested by defendant, and the State's sole reset was only for eight days. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[12]    **Criminal**                                 **Law**



Subsequent to arrest

**Criminal**                                     **Law**



Presumptions and burden of proof

Delay of 51 months from the filing of driving while intoxicated (DWI) charges against defendant and his arrest was sufficiently lengthy to be presumptively unreasonable, and thus delay triggered analysis of other three *Barker* factors in determining claimed speedy trial violation, where delay was 43 months longer than the minimum usually found to be presumptively unreasonable. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; V.T.C.A., Penal Code § 49.01; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[13]    **Criminal**                                 **Law**



Deliberate governmental conduct

In determining the reasons for delay when analyzing a claimed speedy trial violation, intentional or deliberate prosecutorial delay will weigh heavily against the State, while neutral reasons, such as negligence or overcrowded courts, will be less heavily weighed. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[14]    **Criminal**                                 **Law**



Delay Attributable to Prosecution

In determining the reasons for delay when analyzing a claimed speedy trial violation, a valid delay should not weigh against the State at all. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[15]    **Criminal**                                 **Law**



Presumptions and burden of proof

When the State fails to establish a reason for the delay, a court deciding a claimed speedy trial violation may presume neither a deliberate attempt to prejudice the defense nor that the reason is valid. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[16]    **Criminal**                                 **Law**



In general; balancing test

In determining the reasons for delay when analyzing claimed speedy trial violation, the reason for the delay is a fact-specific inquiry and may not be readily apparent from the trial record. U.S.C.A. Const.Amend. 6; Vernon's

Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

**[17]**   **Criminal**     **Law**



Delay Attributable to Prosecution

Delay of 51 months from the filing of driving while intoxicated (DWI) charges against defendant and his arrest was caused by the State's negligence, and thus reason for delay was not valid and weighed against the State, but not heavily, in deciding claimed speedy trial violation; defendant continued to live at address listed on complaint during relevant time period, law enforcement never attempted to serve warrant, and there was no specific reason for delay. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; V.T.C.A., Penal Code § 49.01; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

**[18]**   **Criminal**     **Law**

Demand for trial

Filing a motion to dismiss based upon a claimed speedy trial violation rather than seeking a speedy trial did not weaken defendant's assertion of speedy trial right, and thus assertion of right weighed in defendant's favor in deciding claim, where defendant was not arrested and did not know that his right had been violated and instead turned himself in on charges for driving while intoxicated (DWI) that were filed 51 months earlier upon learning there was an outstanding warrant for his arrest, and defendant sought dismissal less than two months after he turned himself in. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; V.T.C.A., Penal Code § 49.01; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

**[19]**   **Criminal**     **Law**

Prejudice or absence of prejudice

Court of Appeals assesses prejudice factor in determining a claimed speedy trial violation in light of the interests that the speedy trial right was designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired; of these types of prejudice, the last is the most serious because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

**[20]**   **Criminal**     **Law**

Prejudice or absence of prejudice

In claiming violation of the right to a speedy trial, the defendant has the burden to make some showing of prejudice, although a showing of actual prejudice is not required. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[21] **Criminal**  **Law**

Presumptions and burden of proof

In claiming violation of the right to a speedy trial, when the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the defendant suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[22] **Criminal** **Law**

Consent to or waiver of delay
**Criminal** **Law**

Presumptions and burden of proof

In claiming violation of the right to a speedy trial, a defendant who has made a prima facie showing of prejudice will be entitled to relief unless the presumption of prejudice is (1) persuasively rebutted by the State, or (2) extenuated by the defendant's acquiescence in the delay. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

[23] **Criminal** **Law**

Subsequent to accusation
**Criminal** **Law**

Prejudice or absence of prejudice
**Criminal** **Law**

Presumptions and burden of proof

Prejudice caused by the State's negligent delay of 51 months from the date of filing driving while intoxicated (DWI) charges against defendant and the date of his arrest was presumed, and thus prejudice factor weighed in defendant's favor in deciding claimed speedy trial violation, even though there was no pretrial incarceration and defendant did not suffer anxiety or concern due to having been unaware of charges; State failed to prove that defendant acquiesced in delay, and State failed to affirmatively prove that delay did not impair defendant's ability to defend himself. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Art. 1, § 10; V.T.C.A., Penal Code § 49.01; Vernon's Ann.Texas C.C.P. art. 1.05.

Cases that cite this headnote

**Attorneys and Law Firms**

Clinton Morgan, Houston, for the State.

James Stafford, Houston, for Appellee.

Panel consists of Justices McCALLY, BROWN, and WISE.

## SUBSTITUTE OPINION

SHARON McCALLY, Justice.

**\*1** The opinion of October 2, 2014, is withdrawn and this opinion is substituted in its place.

Appellee was charged by information with driving while intoxicated in January 2009. In June 2013, appellee filed a motion to dismiss for violation of his right to a speedy trial. The trial court granted the motion and the State brought this appeal. We affirm.

## BACKGROUND

On the evening of January 2, 2009, appellee struck another vehicle from behind while driving. First responders found appellee pinned under his vehicle. Appellee was transported to the hospital where his left arm was amputated at the elbow. An analysis of blood taken from him at the hospital showed a blood-alcohol content of .171. Appellee was discharged from the hospital on January 10, 2009.

On January 6, 2009, the State filed charges against appellee for driving while intoxicated.[1] The arrest warrant was never served. In April 2013, appellee learned there was an outstanding warrant for his arrest. Appellee turned himself in and posted bond on April 30, 2013.

Subsequently, on June 18, 2013, appellee filed a motion on the grounds the 51–month delay between the date charges were filed and the date of his arrest violated his right to a speedy trial. *See* U.S. CONST. amend. VI; Tex. Const. art. I, § 10; and Tex.Code Crim. Proc. art. 1.05. Following a hearing, the trial court granted appellee's motion.

## DISCUSSION

[1] We first note that Texas courts employ the same standard to enforce the state constitutional right to a speedy trial as federal courts use to enforce the Sixth Amendment right to a speedy trial. *See Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim.App.1992). Appellee makes no argument that his rights under state law differ from those under federal law.

### I. Pertinent Law

[2] [3] [4] The right to a speedy trial attaches once a person is either arrested or charged. *Cantu v. State,* 253 S.W.3d 273, 281 (Tex.Crim.App.2008), citing *United States v. Marion,* 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). A speedy trial claim is analyzed on a case-by-case basis by balancing the following factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice inflicted on the defendant by the delay. *Id.* citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See also Henson v. State,* 407 S.W.3d 764, 767 (Tex.Crim.App.2013). No single *Barker* factor is either necessary or sufficient to establish a violation of the right to a speedy trial. *Cantu,* 253 S.W.3d at 281. Rather, the *Barker* factors must be considered together, along with any other relevant circumstances. *Id.*

[5] [6] [7] If the delay from the date of accusation until trial is unreasonable enough to be presumptively prejudicial, the first factor is satisfied and analysis of the remaining three factors is triggered. *Id.* at 281, citing *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); and *Zamorano v. State,* 84 S.W.3d 643, 648 (Tex.Crim.App.2002). The State must satisfy its burden of justifying the length of the delay while the defendant must meet his burden of proving the assertion of the right and showing prejudice. *Cantu,* 253 S.W.3d at 280. The State's reason for the delay serves to determine how heavily the length of the delay should weigh against the State. *Zamorano,* 84 S.W.3d at 649. The defendant's burden of proof varies inversely to the State's degree of culpability for the delay. *Cantu,* 253 S.W.3d at 280. In other words, "the greater the State's bad faith or official negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial." *Id.* at 280–81.

**\*2** [8] [9] [10] We apply a bifurcated standard of review to a trial court's ruling on a speedy trial claim. *Id.* at 282. The factual components are reviewed for an abuse of discretion, while the legal components are reviewed de novo. *Id.* Review of the individual *Barker* factors necessarily involves factual determinations and legal conclusions, but the balancing test as a whole is "a purely legal question." *Id.* With regard to the trial court's determination of factual issues, we view all the evidence in the light most favorable to the trial court's ruling. *Id.*

### A. Length of the Delay
[11] [12] A total of 51 months elapsed from the filing of charges against appellee and his arrest.[2] The State concedes that the delay was sufficiently lengthy to trigger an analysis of the other factors. We agree. *See Zamorano,* 84 S.W.3d at 649 (delay of 58 months in a plain-vanilla DWI case was sufficiently lengthy to trigger analysis of the other *Barker* factors). In this case, the delay was 43 months longer than the minimum usually found to be presumptively unreasonable. *See Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim.App.1992) (recognizing that courts generally hold that any delay of eight months or longer is presumptively unreasonable and triggers speedy trial analysis). "Because the length of the delay stretched well beyond the bare minimum needed to trigger judicial examination of the claim, this factor—in and of itself—weighs heavily against the State." *Zamorano,* 84 S.W.3d at 649.

### B. Reason for the Delay
[13] [14] [15] [16] The burden of justifying the delay falls on the State. *Cantu,* 253 S.W.3d at 280. The particular reason for the delay will determine how heavily this factor should weigh against the State. *Zamorano,* 84 S.W.3d at 649. While intentional or deliberate prosecutorial delay will weigh heavily against the State, neutral reasons, such as negligence or overcrowded courts, will be less heavily weighed. *Id.* (citing *Barker,* 407 U.S. at 531, 92 S.Ct. 2182). A valid delay should not weigh against the State at all. *See State v. Munoz,* 991 S.W.2d 818, 822 (Tex.Crim.App.1999). When the State fails to establish a reason for the delay, we may presume neither a deliberate attempt to prejudice the defense nor that the reason is valid. *Dragoo v. State,* 96 S.W.3d 308, 314 (Tex.Crim.App.2003). The reason for the delay is a fact-specific inquiry and may not be readily apparent from the trial record. *Henson,* 407 S.W.3d at 769.

[17] As set forth above, the relevant time period for the delay is from January 2009 until April 2013. The record reflects that it was undisputed that during the relevant time period appellee continued to live at the address listed on the complaint. The State concedes that there was no evidence that law enforcement ever attempted to serve the warrant in this case. The State admits there was no evidence of a specific reason for the 51–month delay in this case. The uncontradicted testimony of Sergeant Elofson at the hearing demonstrates the delay was caused by negligence. Because the reason for the delay was not valid, this factor does weigh against the State, albeit not heavily because the delay was not intentional or deliberate. *See Dragoo,* 96 S.W.3d at 314.

### C. Assertion of the Right
**\*3** [18] The record reflects appellee sought dismissal for violation of his right to a speedy trial less than two months after he learned of the charges and was arrested. Citing *Cantu,* 253 S.W.3d at 283, the State argues appellee's claim is weakened because he sought dismissal rather than a speedy trial.

The court in *Cantu* was considering a 16–month delay from the date of arrest until the defendant was charged. The court found the trial court's conclusion that this factor weighed against the defendant was supported by the record showing the defendant did not establish "that he had tried to get the case into court so that he could go to trial in a timely manner." *Id.* at 284. In this case however, appellee was not arrested at the outset and did not know, as Cantu did, that his right to a speedy trial was being violated. Because charges were filed but no attempt was ever made to arrest appellee, he was unaware of the need to "get the case into court." In a case such as this, where it is undisputed appellee had no knowledge charges were pending for over four years, we disagree the filing of a motion to dismiss weighs against him. We conclude appellee's assertion of his right to a speedy trial is a factor that weighs in his favor.

### D. Prejudice
[19] [20] [21] [22] We assess prejudice in light of the interests that the speedy trial right was designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *Zamorano,* 84 S.W.3d at 652. Of these types of prejudice, the last is the most serious because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. *Cantu,* 253 S.W.3d at 283 (citing *Dragoo,* 96 S.W.3d at 315). The defendant has the burden to make some showing of prejudice, although a showing of actual prejudice is not required. *Munoz,* 991 S.W.2d at 826; *State v. Smith,* 76 S.W.3d 541, 551 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). When the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." *Munoz,* 991 S.W.2d at 826; *Smith,* 76 S.W.3d at 551. A defendant who has made a prima facie showing of prejudice will be entitled to relief unless the presumption of prejudice is (1) persuasively rebutted by the State, or (2) extenuated by the defendant's acquiescence in the delay. *Doggett v. United States,* 505 U.S. 647, 658, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

[23] Appellee concedes there was no pretrial incarceration and he did not suffer anxiety or concern because he was unaware of the charges. In his motion, appellee argued a presumption of prejudice was warranted by the lengthy delay. In its brief, the State recognizes that a lengthy delay may be presumptively harmful. However, the State seeks a holding from this court that unless the delay was longer than six years, a presumption of harm is insufficient to require dismissal in cases where the delay is caused by the State's negligence.

**\*4** Recently, the Texas Court of Criminal Appeals considered whether a defendant's right to a speedy trial was violated after a six-year delay caused by the State's negligence in failing to pursue the defendant. *Gonzales v. State,* 435 S.W.3d 801, 810 (Tex.Crim.App.2014). In that case, as in this one, the defendant spent no time in jail before his arrest and was unaware an indictment had been presented. After finding the first three *Barker* factors all weighed in favor of the defendant, the court considered the fourth factor—prejudice.

The court reiterated that "the length of delay may be so excessive that it 'presumptively compromises the reliability of a trial in ways that neither party can prove or identify.' " *Id.* at 812 (quoting *Shaw v. State,* 117 S.W.3d 883, 890 (Tex.Crim.App.2003) (citing *Doggett,* 505 U.S. at 655, 112 S.Ct. 2686)). "In such instances, the defendant is absolved from the requirement to demonstrate prejudice." *Id.*

In *Gonzales,* the court discusses three cases in which a lengthy delay was caused by the State's negligence. *Id.* at 812–14 (citing *Doggett,* 505 U.S. at 653, 112 S.Ct. 2686 (over eight years); *United States v. Cardona,* 302 F.3d 494, 498 (5th Cir.2002) (five years); and *United States v. Molina–Solorio,* 577 F.3d 300, 304 (5th Cir.2009) (ten years)). In all three cases, prejudice was presumed based upon the State's failure to affirmatively prove the delay left the defendant's ability to defend himself unimpaired. *Id.* (citing *Doggett,* 505 U.S. at 658, 112 S.Ct. 2686; *Cardona,* 302 F.3d at 498; and *Molina–Solorio,* 577 F.3d at 307). In none of these cases was prejudice presumed because the length of the delay reached a "magic number."[3] The delay in this case was only nine months less than that of *Cardona* and extended more than six times beyond the minimum amount of time required to trigger a full *Barker* analysis. These cases, like *Gonzales*, turned upon whether the State rebutted or extenuated the presumption of prejudice.

Nevertheless, the State implies it bore no burden to rebut because appellee made no allegation of harm in his motion nor put on evidence of actual harm at the hearing. We disagree.

The State cites a prior opinion from this court, *Guajardo v. State,* 999 S.W.2d 566 (Tex.App.-Houston [14th Dist.] 1999, pet.

ref'd), in which we affirmed the trial court's denial of a motion to dismiss for violation of the right to speedy trial after a delay of less than five years. The State recognizes the reasoning in *Guajardo* was disapproved of in an unpublished decision by the Texas Court of Criminal Appeals in *Gonzales v. State,* PD–0724–12, 2013 WL 765575 (Tex.Crim.App. Feb. 27, 2013) but claims it still supports its position that appellant needed to show actual harm to prevail on a speedy trial claim.[4] The *Gonzales* court of appeals decision relied upon our *Guajardo* decision:

> The first three *Barker* factors weigh in favor of Gonzales. Furthermore, the nearly six-year delay gives rise to a presumption that the delay was prejudicial. However, Gonzales has failed to make a prima facie showing that his defense was impaired as a result of the delay. *See Russell,* 90 S.W.3d at 874; *Guajardo,* 999 S.W.2d at 571. We conclude that the lack of prejudice to Gonzales from the delay outweighs the first three Barker factors. *See Russell,* 90 S.W.3d at 874[5] (finding no speedy trial violation when first three factors weighed in appellant's favor and presumptive prejudice was rebutted by failure to demonstrate any prejudice); *Guajardo,* 999 S.W.2d at 571 (same). Accordingly, we hold that Gonzales did not establish that his right to a speedy trial was violated, and we overrule this issue.

**\*5** *Gonzales v. State,* 04–11–00405–CR, 2012 WL 1364981 (Tex.App.-San Antonio Apr. 18, 2012, *pet. granted* (Sept. 26, 2012)), *rev'd,* PD–0724–12, 2013 WL 765575 (Tex.Crim.App. Feb. 27, 2013). But then the Texas Court of Criminal Appeals reversed, expressly finding that "the Court of Appeals improperly placed the burden on the appellant to demonstrate that he was prejudiced by the excessive delay between his indictment and trial." *Gonzales,* 2013 WL 765575, at \*1. Thus, the court remanded to the lower court "for consideration of appellant's claim under the correct standard for determining prejudice." *Id.*

On remand, the court of appeals reviewed the record to "determine whether the State rebutted the presumptive prejudice caused by the six-year delay." *Gonzales v. State,* 04–11–00405–CR, 2013 WL 4500656 (Tex.App.-San Antonio Aug. 21, 2013, *pet. granted* (Dec. 18, 2013)), *aff'd,* 435 S.W.3d 801 (Tex.Crim.App.2014). After finding the State had not rebutted the presumptive prejudice, the court of appeals held the trial court erred in denying Gonzales's motion to dismiss for lack of a speedy trial. The Texas Court of Criminal Appeals affirmed that decision stating "that the State has failed to persuasively rebut the presumption of prejudice in this case." *Gonzales,* 435 S.W.3d at 815. In *Gonzales,* the court rejected the placement of the burden on a defendant to demonstrate actual harm arising from the delay to prevail on a speedy trial claim. We therefore must conclude that the burden of proof we established in *Guajardo* conflicts with *Gonzales* and is therefore no longer good law.

Absent a showing that appellee acquiesced in the delay, it was the State's burden to rebut the presumption of prejudice because appellee was "absolved from the requirement to demonstrate prejudice." *Id.* at 812. As discussed above, the record shows that appellee did not acquiesce in the 51–month delay. Accordingly, we conclude the State failed to vitiate the presumption of prejudice by proving that appellee acquiesced to the delay.

The State further argues it is "highly improbable that the appellee's ability to mount a defense was impaired" and that the State's evidence "is unlikely to have deteriorated in a way that will harm the appellee." The State fails to cite to any evidence in the record supporting its suppositions. The court in *Gonzales* recognized the burden shifted to the State might be difficult to meet but it is a necessary one. *Id.* at 814. *See Doggett,* 505 U.S. at 654 n. 4, 112 S.Ct. 2686 (recognizing the Government "has not, and probably could not have, affirmatively proved that the delay left [the defendant's] ability to defend himself unimpaired."). Because the State failed to affirmatively prove that the excessive delay did not impair appellee's ability to defend himself, the presumption of prejudice was not rebutted. The dismissal of an indictment is not to be taken lightly but because the State neglected to make any effort to pursue appellee for over four years we find the facts of this case fall within the parameters of *Doggett* and *Gonzales.* Thus the fourth factor also weighs in favor of appellee.

## II. Balancing the *Barker* Factors

**\*6** Having addressed the four *Barker* factors, we now balance them. Weighing in favor of finding a violation of appellee's speedy trial right is the excessive delay. The reason for the delay, the State's negligence, also weighs in favor of appellee. Less than two months after his arrest, appellee asserted his right to a speedy trial had been violated. This factor therefore also weighs in his favor. Because appellee did not acquiesce to the delay and the State failed to affirmatively prove his ability to defend himself was not impaired by the delay, prejudice is presumed. Thus the final factor also weighs in appellee's favor. We hold the weight of the four factors, balanced together, is in favor of finding a violation of appellee's right to as speedy

trial. Accordingly, we conclude the trial court did not err in granting appellee's motion to dismiss the indictment based on a speedy trial violation. The State's sole issue is overruled and the trial court's order is affirmed.

[1]  A person is intoxicated if their blood alcohol content is more than 0.08. Tex. Pen.Code § 49.01.

[2]  Because the eight-month delay from appellee's arrest until the hearing was a result of seven resets, six of which were requested by appellee and the State's sole reset was only for eight days, we do not disagree with the trial court's determination not to include that time period in its analysis.

[3]  Even though the delay in *Gonzales* was six years, the court did not suggest that the length of the delay *must* be six years to give rise to the presumption of prejudice. We therefore decline the State's request to hold that a presumption of prejudice only arises after a delay of six years or more.

[4]  We discuss the unpublished *Gonzales* opinion only to explain why we reject the State's argument.

[5]  *Russell v. State,* 90 S.W.3d 865, 873 (Tex.App.-San Antonio 2002, pet. ref'd).

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---