**Opinion of October 2, 2014, Withdrawn; Affirmed and Substitute Opinion filed November 6, 2014.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-14-00054-CR

---

**THE STATE OF TEXAS, Appellant**

**V.**

**BRIAN WEI, Appellee**

---

**On Appeal from County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1571823**

---

## S U B S T I T U T E   O P I N I O N

The opinion of October 2, 2014, is withdrawn and this opinion is substituted in its place.

Appellee was charged by information with driving while intoxicated in January 2009. In June 2013, appellee filed a motion to dismiss for violation of his

right to a speedy trial. The trial court granted the motion and the State brought this appeal. We affirm.

## BACKGROUND

On the evening of January 2, 2009, appellee struck another vehicle from behind while driving. First responders found appellee pinned under his vehicle. Appellee was transported to the hospital where his left arm was amputated at the elbow. An analysis of blood taken from him at the hospital showed a blood-alcohol content of .171. Appellee was discharged from the hospital on January 10, 2009.

On January 6, 2009, the State filed charges against appellee for driving while intoxicated.[1] The arrest warrant was never served. In April 2013, appellee learned there was an outstanding warrant for his arrest. Appellee turned himself in and posted bond on April 30, 2013.

Subsequently, on June 18, 2013, appellee filed a motion on the grounds the 51-month delay between the date charges were filed and the date of his arrest violated his right to a speedy trial. *See* U.S. CONST. amend. VI; Tex. Const. art. I, § 10; and Tex. Code Crim. Proc. art. 1.05. Following a hearing, the trial court granted appellee's motion.

## DISCUSSION

We first note that Texas courts employ the same standard to enforce the state constitutional right to a speedy trial as federal courts use to enforce the Sixth Amendment right to a speedy trial. *See Harris v. State,* 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). Appellee makes no argument that his rights under state law differ from those under federal law.

---

[1] A person is intoxicated if their blood alcohol content is more than 0.08. Tex. Pen. Code § 49.01.

## I.    Pertinent Law

The right to a speedy trial attaches once a person is either arrested or charged. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008), citing *United States v. Marion*, 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). A speedy trial claim is analyzed on a case-by-case basis by balancing the following factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice inflicted on the defendant by the delay. *Id.* citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See also Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). No single *Barker* factor is either necessary or sufficient to establish a violation of the right to a speedy trial. *Cantu*, 253 S.W.3d at 281. Rather, the *Barker* factors must be considered together, along with any other relevant circumstances. *Id.*

If the delay from the date of accusation until trial is unreasonable enough to be presumptively prejudicial, the first factor is satisfied and analysis of the remaining three factors is triggered. *Id.* at 281, citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); and *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). The State must satisfy its burden of justifying the length of the delay while the defendant must meet his burden of proving the assertion of the right and showing prejudice. *Cantu*, 253 S.W.3d at 280. The State's reason for the delay serves to determine how heavily the length of the delay should weigh against the State. *Zamorano*, 84 S.W.3d at 649. The defendant's burden of proof varies inversely to the State's degree of culpability for the delay. *Cantu*, 253 S.W.3d at 280. In other words, "the greater the State's bad faith or official negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial." *Id*. at 280–81.

We apply a bifurcated standard of review to a trial court's ruling on a speedy trial claim. *Id.* at 282. The factual components are reviewed for an abuse of discretion, while the legal components are reviewed de novo. *Id*. Review of the individual *Barker* factors necessarily involves factual determinations and legal conclusions, but the balancing test as a whole is "a purely legal question." *Id.* With regard to the trial court's determination of factual issues, we view all the evidence in the light most favorable to the trial court's ruling. *Id*.

## A. Length of the Delay

A total of 51 months elapsed from the filing of charges against appellee and his arrest.[2] The State concedes that the delay was sufficiently lengthy to trigger an analysis of the other factors. We agree. *See Zamorano*, 84 S.W.3d at 649 (delay of 58 months in a plain-vanilla DWI case was sufficiently lengthy to trigger analysis of the other *Barker* factors). In this case, the delay was 43 months longer than the minimum usually found to be presumptively unreasonable. *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (recognizing that courts generally hold that any delay of eight months or longer is presumptively unreasonable and triggers speedy trial analysis). "Because the length of the delay stretched well beyond the bare minimum needed to trigger judicial examination of the claim, this factor—in and of itself—weighs heavily against the State." *Zamorano*, 84 S.W.3d at 649.

## B. Reason for the Delay

The burden of justifying the delay falls on the State. *Cantu,* 253 S.W.3d at 280. The particular reason for the delay will determine how heavily this factor

---

[2] Because the eight-month delay from appellee's arrest until the hearing was a result of seven resets, six of which were requested by appellee and the State's sole reset was only for eight days, we do not disagree with the trial court's determination not to include that time period in its analysis.

should weigh against the State. *Zamorano,* 84 S.W.3d at 649. While intentional or deliberate prosecutorial delay will weigh heavily against the State, neutral reasons, such as negligence or overcrowded courts, will be less heavily weighed. *Id.* (citing *Barker,* 407 U.S. at 531, 92 S.Ct. 2182). A valid delay should not weigh against the State at all. *See State v. Munoz,* 991 S.W.2d 818, 822 (Tex. Crim. App. 1999). When the State fails to establish a reason for the delay, we may presume neither a deliberate attempt to prejudice the defense nor that the reason is valid. *Dragoo v. State,* 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). The reason for the delay is a fact-specific inquiry and may not be readily apparent from the trial record. *Henson,* 407 S.W.3d at 769.

As set forth above, the relevant time period for the delay is from January 2009 until April 2013. The record reflects that it was undisputed that during the relevant time period appellee continued to live at the address listed on the complaint. The State concedes that there was no evidence that law enforcement ever attempted to serve the warrant in this case. The State admits there was no evidence of a specific reason for the 51-month delay in this case. The uncontradicted testimony of Sergeant Elofson at the hearing demonstrates the delay was caused by negligence. Because the reason for the delay was not valid, this factor does weigh against the State, albeit not heavily because the delay was not intentional or deliberate. *See Dragoo,* 96 S.W.3d at 314.

## C. Assertion of the Right

The record reflects appellee sought dismissal for violation of his right to a speedy trial less than two months after he learned of the charges and was arrested. Citing *Cantu,* 253 S.W.3d at 283, the State argues appellee's claim is weakened because he sought dismissal rather than a speedy trial.

The court in *Cantu* was considering a 16-month delay from the date of arrest until the defendant was charged. The court found the trial court's conclusion that this factor weighed against the defendant was supported by the record showing the defendant did not establish "that he had tried to get the case into court so that he could go to trial in a timely manner." *Id.* at 284. In this case however, appellee was not arrested at the outset and did not know, as Cantu did, that his right to a speedy trial was being violated. Because charges were filed but no attempt was ever made to arrest appellee, he was unaware of the need to "get the case into court." In a case such as this, where it is undisputed appellee had no knowledge charges were pending for over four years, we disagree the filing of a motion to dismiss weighs against him. We conclude appellee's assertion of his right to a speedy trial is a factor that weighs in his favor.

## D. Prejudice

We assess prejudice in light of the interests that the speedy trial right was designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *Zamorano,* 84 S.W.3d at 652. Of these types of prejudice, the last is the most serious because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. *Cantu,* 253 S.W.3d at 283 (citing *Dragoo*, 96 S.W.3d at 315). The defendant has the burden to make some showing of prejudice, although a showing of actual prejudice is not required. *Munoz,* 991 S.W.2d at 826; *State v. Smith,* 76 S.W.3d 541, 551 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). When the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." *Munoz,* 991 S.W.2d at 826; *Smith,* 76 S.W.3d at 551. A defendant who has made a prima facie showing of prejudice will be entitled to relief unless the

presumption of prejudice is (1) persuasively rebutted by the State, or (2) extenuated by the defendant's acquiescence in the delay. *Doggett v. United States,* 505 U.S. 647, 658, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

Appellee concedes there was no pretrial incarceration and he did not suffer anxiety or concern because he was unaware of the charges. In his motion, appellee argued a presumption of prejudice was warranted by the lengthy delay. In its brief, the State recognizes that a lengthy delay may be presumptively harmful. However, the State seeks a holding from this court that unless the delay was longer than six years, a presumption of harm is insufficient to require dismissal in cases where the delay is caused by the State's negligence.

Recently, the Texas Court of Criminal Appeals considered whether a defendant's right to a speedy trial was violated after a six-year delay caused by the State's negligence in failing to pursue the defendant. *Gonzales v. State,* 435 S.W.3d 801, 810 (Tex. Crim. App. 2014). In that case, as in this one, the defendant spent no time in jail before his arrest and was unaware an indictment had been presented. After finding the first three *Barker* factors all weighed in favor of the defendant, the court considered the fourth factor — prejudice.

The court reiterated that "the length of delay may be so excessive that it 'presumptively compromises the reliability of a trial in ways that neither party can prove or identify.'" *Id.* at 812 (quoting *Shaw v. State*, 117 S.W.3d 883, 890 (Tex. Crim. App. 2003) (citing *Doggett*, 505 U.S. at 655). "In such instances, the defendant is absolved from the requirement to demonstrate prejudice." *Id.*

In *Gonzales*, the court discusses three cases in which a lengthy delay was caused by the State's negligence. *Id.* at 812–14 (citing *Doggett*, 505 U.S. at 653 (over eight years); *United States v. Cardona*, 302 F.3d 494, 498 (5th Cir. 2002) (five years); and *United States v. Molina-Solario*, 577 F.3d 300, 304 (5th Cir.

7

2009) (ten years)). In all three cases, prejudice was presumed based upon the State's failure to affirmatively prove the delay left the defendant's ability to defend himself unimpaired. *Id.* (citing *Doggett*, 505 U.S. at 658; *Cardona*, 302 F.3d at 498; and *Molina-Solario*, 577 F.3d at 307). In none of these cases was prejudice presumed because the length of the delay reached a "magic number."[3] The delay in this case was only nine months less than that of *Cardona* and extended more than six times beyond the minimum amount of time required to trigger a full *Barker* analysis. These cases, like *Gonzalez,* turned upon whether the State rebutted or extenuated the presumption of prejudice.

Nevertheless, the State implies it bore no burden to rebut because appellee made no allegation of harm in his motion nor put on evidence of actual harm at the hearing. We disagree.

The State cites a prior opinion from this court, *Guajardo v. State*, 999 S.W.2d 566 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd), in which we affirmed the trial court's denial of a motion to dismiss for violation of the right to speedy trial after a delay of less than five years. The State recognizes the reasoning in *Guajardo* was disapproved of in an unpublished decision by the Texas Court of Criminal Appeals in *Gonzales v. State,* PD-0724-12, 2013 WL 765575 (Tex. Crim. App. Feb. 27, 2013) but claims it still supports its position that appellant needed to show actual harm to prevail on a speedy trial claim.[4] The *Gonzales* court of appeals decision relied upon our *Guajardo* decision:

---

[3] Even though the delay in *Gonzales* was six years, the court did not suggest that the length of the delay *must* be six years to give rise to the presumption of prejudice. We therefore decline the State's request to hold that a presumption of prejudice only arises after a delay of six years or more.

[4] We discuss the unpublished *Gonzales* opinion only to explain why we reject the State's argument.

The first three *Barker* factors weigh in favor of Gonzales. Furthermore, the nearly six-year delay gives rise to a presumption that the delay was prejudicial. However, Gonzales has failed to make a prima facie showing that his defense was impaired as a result of the delay. *See Russell*, 90 S.W.3d at 874; *Guajardo*, 999 S.W.2d at 571. We conclude that the lack of prejudice to Gonzales from the delay outweighs the first three Barker factors. *See Russell*, 90 S.W.3d at 874[5] (finding no speedy trial violation when first three factors weighed in appellant's favor and presumptive prejudice was rebutted by failure to demonstrate any prejudice); *Guajardo*, 999 S.W.2d at 571 (same). Accordingly, we hold that Gonzales did not establish that his right to a speedy trial was violated, and we overrule this issue.

*Gonzales v. State*, 04-11-00405-CR, 2012 WL 1364981 (Tex. App.—San Antonio Apr. 18, 2012, *pet. granted* (Sept. 26, 2012)), *rev'd*, PD-0724-12, 2013 WL 765575 (Tex. Crim. App. Feb. 27, 2013). But thehe Texas Court of Criminal Appeals reversed, expressly finding that "the Court of Appeals improperly placed the burden on the appellant to demonstrate that he was prejudiced by the excessive delay between his indictment and trial." *Gonzales,* 2013 WL 765575, at *1. Thus, the court remanded to the lower court "for consideration of appellant's claim under the correct standard for determining prejudice." *Id.*

On remand, the court of appeals reviewed the record to "determine whether the State rebutted the presumptive prejudice caused by the six-year delay." *Gonzales v. State*, 04-11-00405-CR, 2013 WL 4500656 (Tex. App.—San Antonio Aug. 21, 2013, *pet. granted* (Dec. 18, 2013)), *aff'd,* 435 S.W.3d 801 (Tex. Crim. App. 2014). After finding the State had not rebutted the presumptive prejudice, the court of appeals held the trial court erred in denying Gonzales's motion to dismiss for lack of a speedy trial. The Texas Court of Criminal Appeals affirmed that decision stating "that the State has failed to persuasively rebut the presumption of prejudice in this case." *Gonzales,* 435 S.W.3d at 815. In *Gonzales*, the court

---

[5] *Russell v. State*, 90 S.W.3d 865, 873 (Tex. App.—San Antonio 2002, pet. ref'd).

9

rejected the placement of the burden on a defendant to demonstrate actual harm arising from the delay to prevail on a speedy trial claim. We therefore must conclude that the burden of proof we established in *Guajardo* conflicts with *Gonzales* and is therefore no longer good law.

Absent a showing that appellee acquiesced in the delay, it was the State's burden to rebut the presumption of prejudice because appellee was "absolved from the requirement to demonstrate prejudice." *Id.* at 812. As discussed above, the record shows that appellee did not acquiesce in the 51-month delay. Accordingly, we conclude the State failed to vitiate the presumption of prejudice by proving that appellee acquiesced to the delay.

The State further argues it is "highly improbable that the appellee's ability to mount a defense was impaired" and that the State's evidence "is unlikely to have deteriorated in a way that will harm the appellee." The State fails to cite to any evidence in the record supporting its suppositions. The court in *Gonzales* recognized the burden shifted to the State might be difficult to meet but it is a necessary one. *Id.* at 814. *See Doggett*, 505 U.S. at 654 n. 4 (recognizing the Government "has not, and probably could not have, affirmatively proved that the delay left [the defendant's] ability to defend himself unimpaired."). Because the State failed to affirmatively prove that the excessive delay did not impair appellee's ability to defend himself, the presumption of prejudice was not rebutted. The dismissal of an indictment is not to be taken lightly but because the State neglected to make any effort to pursue appellee for over four years we find the facts of this case fall within the parameters of *Doggett* and *Gonzalez*. Thus the fourth factor also weighs in favor of appellee.

10

## II. Balancing the *Barker* Factors

Having addressed the four *Barker* factors, we now balance them. Weighing in favor of finding a violation of appellee's speedy trial right is the excessive delay. The reason for the delay, the State's negligence, also weighs in favor of appellee. Less than two months after his arrest, appellee asserted his right to a speedy trial had been violated. This factor therefore also weighs in his favor. Because appellee did not acquiesce to the delay and the State failed to affirmatively prove his ability to defend himself was not impaired by the delay, prejudice is presumed. Thus the final factor also weighs in appellee's favor. We hold the weight of the four factors, balanced together, is in favor of finding a violation of appellee's right to as speedy trial. Accordingly, we conclude the trial court did not err in granting appellee's motion to dismiss the indictment based on a speedy trial violation. The State's sole issue is overruled and the trial court's order is affirmed.


/s/    Sharon McCally
       Justice


Panel consists of Justices McCally, Brown, and Wise.
Publish — Tex. R. App. P. 47.2(b).

11