

NUMBER 13-13-00707-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

PEDRO ANTONIO GOMEZ,                                                   Appellee.

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Garza

Appellant, the State of Texas, appeals from a judgment granting Pedro Antonio

Gomez's motion to dismiss for a violation of his right to a speedy trial. By a single issue,

the State contends that the trial court erred in granting the motion. We reverse and

remand.

## I.     BACKGROUND

In July 2011, Cameron County officials charged Gomez with assault, a class "A" misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West, Westlaw through Chapter 46 2015 R.S.). On November 8, 2013, Gomez filed a motion to dismiss for a violation of his constitutional right to a speedy trial. Four days later, on November 12, 2013, the trial court held a hearing on Gomez's motion.

The reporter's record of the hearing consists of seven pages. Gomez's counsel alleged that there had been a "long delay" and noted that he was the third attorney to represent Gomez in the case. Counsel argued that "memories get clouded, witnesses become unavailable, documents have a tendency to wind up missing or misplaced." Gomez did not present any witnesses, testimony, or evidence but urged the trial court to take judicial notice of all the resettings. The State argued that: (1) there had been no purposeful undue delay; (2) the court's docket was overcrowded; (3) Gomez failed to appear in August 2012, and thereby waived any claim to a speedy trial violation; and (4) Gomez had not identified any witnesses that he was unable to locate because of the delay. Like Gomez, the State presented no witnesses or evidence.

During a short recess, the trial court "looked at the docket" and concluded that "this was kind of a lot of people's fault . . . ." The court stated that "it's just kind of a bunch of things that happened in this case, to be absolutely honest with you." The trial court's docket sheet reflects that: (1) on August 3, 2012, the "[d]efendant failed to appear"; (2) on August 2, 2013, Gomez's counsel failed to appear; (3) on September 6, 2013, Gomez filed a motion for continuance; and (4) on October 28, 2013, the State filed a motion for continuance. Otherwise, the eight-page docket sheet reflects numerous resettings and

"status hearings" without further notation or explanation. The trial court granted the motion, and this appeal ensued.

## II.     STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a speedy trial claim under a bifurcated standard of review, in which we apply an abuse of discretion standard to the trial court's factual findings and a de novo standard to the trial court's legal conclusions. *Gonzales v. State*, 435 S.W.3d 801, 808–09 (Tex. Crim. App. 2014); *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005). Here, the facts are undisputed. Thus, "we review de novo whether there was sufficient presumptive prejudice to proceed to a *Barker* analysis and the weighing of the *Barker* factors, which are legal questions." *Gonzales*, 435 S.W.3d at 809.

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, and is applicable to the states through the Fourteenth Amendment. U.S. CONST. amends. VI, XIV, § 1; *see Barker v. Wingo*, 407 U.S. 514, 515 (1972). This right is also independently guaranteed by the Texas Constitution and the Texas Code of Criminal Procedure. S*ee* TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West, Westlaw through Chapter 46 2015 R.S.). We analyze speedy trial claims by weighing and then balancing four factors set out in *Barker*: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of the delay. *Gonzales*, 435 S.W.3d at 808 (citing *Barker*, 407 U.S. at 530).

Before we engage in an analysis of each *Barker* factor, however, the accused must first make a showing that the interval between the accusation and the trial has crossed

3

the threshold dividing ordinary and presumptively prejudicial delay. *Id.* If the defendant can make a threshold showing of presumptive prejudice, the trial court must then proceed to consider each of the remaining *Barker* factors. *Id.* No single factor is dispositive. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). Rather, courts must first weigh each factor's strength and then balance their relative weights considering other relevant circumstances, including "the conduct of both the prosecution and the defendant." *Id.* (quoting *Barker*, 407 U.S. at 530). The burden is on the State to justify the length of the delay, and the defendant has the burden to prove assertion of the right and showing prejudice. *Id.* at 280.

## III.   DISCUSSION

### A.  Length of the Delay

The length of the delay is measured from the time the accused is arrested or formally accused. *Gonzales*, 435 S.W.3d at 809. Here, the record reflects that Gomez was arrested on April 27, 2011 and the information was filed August 1, 2011. Thus, the delay is approximately thirty-one months from arrest or twenty-seven months from formal charging. The State characterizes the delay as twenty-seven months and concedes that it is sufficient to trigger a *Barker* speedy-trial analysis. We agree. A twenty-seven-month delay is presumptively unreasonable. *See Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003) (holding that "in general, delay approaching one year is sufficient to trigger a speedy-trial inquiry"). We conclude that the delay was more than adequate to find presumptive prejudice and trigger a full *Barker* analysis. *See Gonzales*, 435 S.W.3d at 809.

"When the length of delay stretches well beyond the bare minimum needed to trigger a full *Barker* analysis, the length of a delay weighs against the State, and the longer the delay, the more the defendant's prejudice is compounded." *Id.* (citations omitted). Here, the delay extended far beyond the minimum amount of time required to trigger a full *Barker* analysis, and as a result, this factor weighs heavily against the State. *Id.*

## B. Reasons for the Delay

In analyzing the second factor—the reasons for the delay—we assign different weights to different reasons. *Id.* (citing *Barker*, 407 U.S. at 531). For instance, deliberate attempts to delay are weighed heavily, and more neutral reasons, while still considered, are weighed less heavily. *Id.* (citing *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002)). The State bears the burden of establishing justifications for the unreasonable delay. *Cantu*, 253 S.W.3d at 280; *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994).

Here, the State offered the trial court several reasons to justify the twenty-seven-month delay: Gomez's failure to appear, an overcrowded court docket, and the fact that three different defense attorneys had represented Gomez. The State denied that there was any purposeful undue delay or any tactical reason for the delay. The State further noted that Gomez had not identified any witnesses that he was unable to locate because of the lengthy delay.

Although the crowded court docket is a neutral reason, and thus is given less weight, it must still "be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 407 U.S. at 531. Ultimately, because a crowded court docket is not a valid reason to justify the delay, this

5

reason must be weighed against the State, albeit not heavily. *See Shaw*, 117 S.W.3d at 890. Here, however, there is no evidence in the record to support the State's assertion regarding the crowded court docket. *See Comeaux v. State*, 413 S.W.3d 176, 190 (Tex. App.—Beaumont 2013), *aff'd*, 445 S.W.3d 745 (Tex. Crim. App. 2014) (citing *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003)). Further, nothing suggests that the State attempted to deliberately delay Gomez's trial. *See Comeaux*, 413 S.W.3d at 190–91. Although the parties agree that three different counsel represented Gomez, the record is silent regarding the reasons Gomez changed counsel. *See id.* The record shows that three delays can be attributed to Gomez: one because of his failure to appear, a second when his counsel failed to appear, and a third when he requested a continuance. In contrast, only one delay—a request for a continuance—is expressly attributable to the State. Regarding the overwhelming majority of the resets, the record is silent as to whether one of the parties requested the reset or whether the court reset the case sua sponte. *See id.* We conclude this factor weighs against Gomez.

## C. Assertion of the Right

The third factor, the timing of Gomez's assertion of his right to a speedy trial, evaluates whether he actually wanted a speedy trial. *See Cantu*, 253 S.W.3d at 283. An assertion of a speedy trial right is given great evidentiary weight to determine deprivation of that right. *See Gonzales*, 453 S.W.3d at 810–11; *Zamorano*, 84 S.W.3d at 651. Therefore, while an individual's failure to seek a speedy trial does not waive his constitutional right, it does make it difficult to prevail on such a claim because it strongly indicates that the defendant did not actually desire a speedy trial. *Shaw*, 117 S.W.3d at 890; *Zamorano*, 84 S.W.3d at 651. Moreover, as a detention becomes lengthier, the

6

likelihood increases that someone who actually desired a speedy trial would have actively sought to obtain one. *Shaw*, 117 S.W.3d at 890.

Here, Gomez did not file his motion to dismiss on speedy-trial grounds until November 8, 2013, approximately twenty-seven months after he was charged. Moreover, Gomez did not request a speedy trial but instead requested to have his case dismissed, which weakens his claim that the trial court denied him a speedy trial. *See Cantu*, 253 S.W.3d at 283 (noting that filing for dismissal rather than for a speedy trial "shows a desire to have no trial instead of a speedy one"). The record is silent as to whether Gomez agreed to the resettings. *See Henson v. State*, 407 S.W.3d 764, 769 (Tex. Crim. App. 2013) (finding appellant failed to preserve violation of a speedy-trial claim where he did not file a speedy trial motion, did not request a hearing on delays, and agreed to each reset). We conclude that this factor weighs heavily against Gomez.

### D. Prejudice Because of Length of Delay

The fourth and final *Barker* factor focuses on the prejudice, if any, suffered by the defendant as a result of the delay. *Barker*, 407 U.S. at 532. The right to a speedy trial is designed to prevent oppressive pretrial incarceration, minimize the accused's concern and anxiety, and, most importantly, limit the possibility that the defense will be impaired. *See Gonzales*, 435 S.W.3d at 812 (citing *Barker*, 407 U.S. at 532).

In *Gonzales*, the court of criminal appeals considered whether a defendant's right to a speedy trial was violated after a six-year delay caused by the State's negligence in failing to pursue the defendant. *Gonzales*, 435 S.W.3d at 812–15. The *Gonzales* Court noted that a defendant is relieved of his burden to demonstrate prejudice if the length of delay is so excessive that it "presumptively compromises" the reliability of a trial in

unidentifiable ways. *Id.* at 812. The court further noted that "[w]hen a defendant has timely asserted his right to a speedy trial [as the defendant had done in *Gonzales*], it is a difficult task for the State to prove that the defendant acquiesced in the delay." *Id.* at 815. The court found that the State had presented no record evidence showing that the defendant had acquiesced in the six-year delay. *Id.* Thus, the court of criminal appeals concluded that the State had "failed to vitiate the presumption of prejudice by proving that [a]ppellant acquiesced to the delay." *Id.* at 815.

Here, Gomez was not incarcerated during the twenty-seven-month delay; therefore, oppressive pretrial incarceration is not an issue. *See id.* at 812. We recognize that the six-year delay in *Gonzales* is considerably longer than the twenty-seven-month delay in the present case. However, assuming without deciding that the delay in the present case was so excessive that it presumptively compromised the reliability of a trial, *see id.* at 812, we conclude that the State met its burden to rebut the presumption of prejudice by showing that Gomez acquiesced to the delay. *See State v. Wei*, 447 S.W.3d 549, 557 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("Absent a showing that appellee acquiesced in the delay, it was the State's burden to rebut the presumption of prejudice because appellee was 'absolved from the requirement to demonstrate prejudice.'") (quoting *Gonzales*, 435 S.W.3d at 812). Unlike the defendant in *Gonzales*, Gomez did not timely assert his right to a speedy trial. And although the record is largely silent as to the reasons for the lengthy delay, three of the delays are attributable to Gomez. Because the State rebutted the presumption of prejudice by showing that Gomez acquiesced in the delay, this factor weighs in favor of the State.

**E. Balancing Test**

Finally, having addressed the four *Barker* factors, it is necessary to balance them. Weighing in favor of finding a violation of Gomez's right to a speedy trial is the extensive length of the delay. Although the State offered the trial court no explanation for most of the delay, some of the delay was attributable to Gomez, and we found this factor to weigh in favor of the State. The third and fourth factors weigh in favor of the State. Gomez waited twenty-seven months before filing his motion, and when he did so, requested a dismissal rather than a speedy trial. Finally, the State rebutted the presumption of prejudice by showing that Gomez acquiesced in the delay. We hold that the weight of the four factors, when balanced together, militates against finding a violation of Gomez's right to a speedy trial. Accordingly, we conclude that Gomez's right to a speedy trial was not violated, and the trial court erred in granting the motion to dismiss.

## IV. CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.

9