**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00751-CR

———————————

**RAFAEL SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 4**
**Travis County,\* Texas**
**Trial Court Case No. D-1-DC-11-300924**

---

---

\*   Pursuant to the Texas Supreme Court's docket equalization powers, this appeal was transferred from the Third Court of Appeals to this Court on October 9, 2017. *See* TEX. GOV'T CODE § 73.001; Order Regarding Transfer of Cases From Courts of Appeals, Misc. Docket No. 17-9128 (Tex. Sept. 28, 2017). We are unaware of any conflict between precedent from the Third Court of Appeals and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

# MEMORANDUM OPINION

Sanchez was convicted of felony assault of a family member. On appeal, he contends that the trial court erred in denying his motion to dismiss based on the violation of his right to a speedy trial due to a six-year delay between indictment and his arrest. He further contends that the trial court erred in admitting hearsay in violation of his constitutional right to confront the witnesses against him.

Following the Court of Criminal Appeals' decision in *Gonzales v. State*, we conclude Sanchez established a violation of his right to a speedy trial and therefore reverse. *See* 435 S.W.3d 801 (Tex. Crim. App. 2014).

## BACKGROUND

On August 4, 2011, a grand jury indicted Sanchez for committing a felony assault against Aida Trochez-Fernandez, a member of his family and household with whom he had a dating relationship. *See* TEX. PENAL CODE § 22.01(a)(1), (b)(2)(A). The indictment alleged that Sanchez assaulted Trochez-Fernandez in April 2011.

Sanchez was not arrested until June 2017.

On June 27, 2017, Sanchez moved for a speedy trial. He argued that he would be prejudiced if trial wasn't held within one month, due to the loss of witnesses, loss of physical evidence, and lapsed memories. Sanchez contemporaneously filed a motion to dismiss on the same grounds. He attached an affidavit, in which he averred that his self-defense wounds sustained during the altercation had healed, his memory

2

had faded, photographs were lost, and he no longer had contact information for witnesses who could have testified in his defense.

The trial court held a hearing on Sanchez's speedy-trial motions on July 10, 2017. Defense counsel contended that Sanchez was unaware of the grand jury's indictment until he was arrested more than six years after the fact. Counsel further contended that Sanchez had resided in Travis County in the interim and that the authorities had made no effort to apprehend him. Although he proffered an affidavit, Sanchez did not testify at the hearing. The defense did not introduce other evidence.

The State responded that Sanchez was responsible for the delay because he had fled the scene of the 2011 assault. The State further argued that Sanchez had evaded the authorities until his 2017 arrest. But the State did not introduce any evidence to support this argument in response to the motions or specify whether any effort had been made to arrest Sanchez.

After the trial court denied the motions, Sanchez pleaded not guilty. The jury found Sanchez guilty, and it assessed his punishment at three years' confinement.

## DISCUSSION

Sanchez contends that the State violated his right to a speedy trial by not trying him until more than six years after he was indicted, prejudicing his defense. He further contends that the trial court erred in overruling his confrontation-clause and hearsay objections to witness testimony.

## I.    Speedy Trial

### A.    Standard of review and applicable law

The Sixth Amendment to the United States Constitution, which is applicable to the States by way of the Fourteenth Amendment, guarantees an accused the right to a speedy trial. *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016). In assessing speedy-trial claims, we apply the test established by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972). *See Balderas*, 517 S.W.3d at 767.

Under the *Barker* test, we first consider whether the length of delay between the arrest or formal accusation and trial was so long as to be presumptively prejudicial. *Id.* at 767–68; *Gonzales*, 435 S.W.3d at 808–09. In general, delay approaching a year or longer is presumptively prejudicial; it requires consideration of three additional factors, together with the length of the delay. *Balderas*, 517 S.W.3d at 767–68; *see also Knox v. State*, 934 S.W.2d 678, 681 (Tex. Crim. App. 1996) (suggesting that delay of eight months or more is presumptively unreasonable and triggers speedy-trial analysis). The three additional factors are (1) the State's explanation for the delay, (2) whether the accused timely asserted his right to a speedy trial, and (3) whether the accused was prejudiced by the delay. *Balderas*, 517 S.W.3d at 767.

The State bears the burden of justifying the delay. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). The defendant must prove that he asserted the right to a speedy trial as well as prejudice. *Id.* The defendant's burden varies inversely with the State's culpability. *Id.* The greater the State's responsibility for the delay, the less the defendant must show diligence in asserting his right to a speedy trial or prejudice. *Id.* at 280–81. If the delay is lengthy, the defendant may be excused from showing prejudice. *See Gonzales*, 435 S.W.3d at 812–15.

In reviewing speedy-trial claims, we defer to any findings of fact made by the trial court if they are supported by the record, and we draw reasonable inferences from those facts necessary to support the court's findings. *Balderas*, 517 S.W.3d at 767–68. We consider only the evidence that was before the trial court when it ruled. *Gonzales*, 435 S.W.3d at 809. The balancing of the *Barker* factors is a legal question, which we review de novo. *Balderas*, 517 S.W.3d at 768.

## B.    Analysis

At the outset, we note that the record does not contain any written findings of fact. *See Balderas*, 517 S.W.3d at 768 (noting same). The State introduced no evidence at the hearing on Sanchez's speedy-trial motions. The only evidence in the record therefore consists of Sanchez's affidavit.

5

*Length of delay*

More than six years elapsed between Sanchez's formal accusation by indictment and his arrest and trial. The State concedes that this delay was presumptively prejudicial. The six-year delay requires consideration of the other three *Barker* factors, but itself heavily weighs in favor of a speedy-trial violation. *See Gonzales*, 435 S.W.3d at 809 (delay of six years between indictment and arrest and trial required full *Barker* analysis and heavily weighed against State in and of itself).

*State's explanation for delay*

The State attributes the delay to Sanchez. It argues that Sanchez fled the scene of the assault before the police arrived. Sanchez's arrest warrant evidences his flight from the scene. But the record does not contain any evidence as to the reason for the State's delay in arresting Sanchez after he fled. Though the State asserts that Sanchez was responsible for the additional delay, we cannot take the State at its word with respect to assertions made by counsel that are not based on personal knowledge. *See Gonzales*, 435 S.W.3d at 811 (statements of attorney may be considered evidence only if based on first-hand knowledge). The State did not explain its efforts, if any, to locate and arrest Sanchez after he fled the scene. Because the State has not assigned a reason for its delay and no evidence shows whether it had one, we cannot presume that the delay was justified. *See Balderas*, 517 S.W.3d at 768.

6

Because the State bore the burden on this issue and failed to carry it, this factor weighs in favor of Sanchez's speedy-trial claim. *See Gonzales*, 435 S.W.3d at 810 (State's unexplained six-year delay constituted negligence); *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (State's failure to justify three-and-a-half-year delay weighed in favor speedy-trial violation but not heavily so); *Rivera v. State*, 990 S.W.2d 882, 889 (Tex. App.—Austin 1999, pet. ref'd) ("The State bears the burden of justifying the trial delay, and if the record is silent or the reasons given are insufficient to excuse the delay, the appellate court must presume that no valid reason for delay existed.").[1]

*Timeliness of Sanchez's assertion of his rights*

Sanchez asserted his right to a speedy trial and obtained a hearing on his speedy-trial motions within a month after his arrest. In general, this prompt assertion of the right to a speedy trial is timely. *See Gonzales*, 435 S.W.3d at 805, 810–12 (motion to dismiss filed a month after arrest). As in *Gonzales*, however, whether Sanchez timely asserted his right to a speedy trial largely turns on whether he was aware of the charge against him before his arrest and, if so, for how long he had been aware of the indictment. *See id.* at 811–12. Sanchez averred that he was unaware of the charge until his arrest. When, as here, the record establishes that the defendant

---

[1] The State contends that Sanchez failed to appear and answer another charge against him. But the record on the speedy-trial motion contains no evidence to support this contention.

7

asserted the right to a speedy trial promptly after his arrest and there is no evidence that he knew of the charge against him beforehand, *Barker*'s assertion-of-the-right factor weighs in favor of a speedy-trial violation. *See United States v. Molina-Solorio*, 577 F.3d 300, 305–07 (5th Cir. 2009) (right to speedy trial timely asserted by defendant who filed motion to dismiss shortly after arrest where record contained no evidence that he was aware of indictment before arrest, notwithstanding fact that defendant did not introduce evidence as to lack of awareness); *see also Gonzales*, 435 S.W.3d at 811–12 (trial court could not reasonably infer that defendant knew of charge based on defendant's knowledge of police investigation; his failure to renew his driver's license; or a separate charge he drew for evading arrest when police tried to take him into custody on present charge, given lack of evidence as to the circumstances surrounding evasion).

The State contends that we should discount Sanchez's diligence because he sought dismissal of the charges rather than a speedy trial. We agree that a request for dismissal instead of a speedy trial weakens a speedy-trial claim because it indicates a desire to have no trial rather than a speedy one. *See Cantu*, 253 S.W.3d at 283. Sanchez, however, moved for dismissal *or* a speedy trial, not just dismissal, and the case was tried within about a month of the hearing on Sanchez's motions. *See State v. Empak, Inc.*, 889 S.W.2d 618, 624 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (assertion-of-right factor favored defendant where it promptly

8

demanded speedy trial in alternative to motion to dismiss). Given a substantial delay in arresting a defendant, a request for dismissal does not weigh as heavily against a speedy-trial claim, as the delay and any corresponding prejudice already has occurred. *See State v. Davis*, 549 S.W.3d 688, 704 (Tex. App.—Austin 2017, pet. ref'd) (citing *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. [Panel Op.] 1983), for proposition that seeking dismissal doesn't weigh against speedy-trial claim when long delay has caused sufficient prejudice); *State v. Guerrero*, 110 S.W.3d 155, 161 (Tex. App.—San Antonio 2003, no pet.) (assertion-of-right factor weighed in favor of speedy-trial violation even though defendant sought dismissal; dismissal was appropriate remedy to seek, rather than speedy trial, where record showed that defendant had been prejudiced by loss of video recording of victim's interview during period of delay).

Because Sanchez's arrest occurred six years after his indictment, and he made alternative requests for dismissal or a speedy trial, we conclude that his request for dismissal does not heavily undercut his speedy-trial claim. *See Gonzales*, 435 S.W.3d at 804–05, 812, 815 (concluding that defendant who was arrested six years after being indicted timely asserted speedy-trial claim by motion to dismiss filed one month after arrest).

9

*Prejudice resulting from the delay*

We analyze the final *Barker* factor, prejudice, in light of the three interests that the right to a speedy-trial serves: prevention of oppressive pretrial incarceration; minimization of the accused's anxiety and concern; and reduction of the possibility that the defense will be impaired by the passage of time. *Gonzales*, 435 S.W.3d at 812. Of these, the third interest is the most important one. *Id.*

Sanchez was not incarcerated during the period of delay. He asserts that he did not know that he had been indicted. Thus, the first two interests—oppressive pretrial incarceration and anxiety and concern—are not implicated. *See id.* (first two interests not at issue given that defendant spent no time in jail before arrest and could have suffered little anxiety or concern if he did not know he was indicted); *Ortega v. State*, 472 S.W.3d 779, 787 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (first two interests not at issue because defendant was unaware of pending charge).

In the trial court, Sanchez asserted that the delay impaired his defense by depriving him of evidence. He averred by affidavit that wounds he suffered while defending himself had since healed, his memory of the incident had faded, photographs were lost, and he no longer had contact information for witnesses who could have testified on his behalf. Sanchez did not specify what wounds he sustained or how he sustained them; describe the extent of his memory loss or enumerate general subjects or particular facts that he could no longer recall; explain what

10

photographs had been lost or their relevance; or identify any witnesses by name or state the facts to which they would have testified. Conclusory assertions are not sufficient to carry a defendant's burden to show that he was prejudiced by delay. *See State v. Munoz*, 991 S.W.2d 818, 829 (Tex. Crim. App. 1999) (defendant must show that memory lapses are significant to outcome of case); *see, e.g.*, *McGregor v. State*, 394 S.W.3d 90, 116–17 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (defendant made no showing that memories of any witness had faded); *Ervin v. State*, 125 S.W.3d 542, 548–49 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant did not demonstrate what witness would have testified about or explain why it was material).

Sanchez, however, contends on appeal that the delay was so substantial that prejudice must be presumed. Prejudice is presumed when the delay is excessive because excessive delay may compromise the reliability of trial in ways that cannot be identified or proved. *See Gonzales*, 435 S.W.3d at 812. In *Gonzales*, the Court of Criminal Appeals held that a similar six-year delay between indictment and arrest was so lengthy that prejudice was presumed. *Id.* at 812–15. The Court also has presumed prejudice in cases in which the length of delay was significantly less than the six-year delay that Sanchez experienced. *See Shaw v. State*, 117 S.W.3d 883, 889–90 (Tex. Crim. App. 2003) (stating that "we must presume that the lengthy delay here did adversely affect appellant's ability to defend himself" in case

11

involving delay of just over three years); *Zamorano v. State*, 84 S.W.3d 643, 649, 654 (Tex. Crim. App. 2002) (stating that "the length of delay itself"—just under three years between arrest and hearing on speedy-trial motion and almost four years between arrest and plea hearing—"supports an inference of actual prejudice"). We therefore agree with Sanchez that prejudice must be presumed.

The State may rebut a presumption of prejudice. *See Gonzales*, 435 S.W.3d at 815. In this case, however, the State did not introduce any evidence in the trial court to detail the reasons why Sanchez would suffer no prejudice because of the delay. The State therefore has not rebutted the presumption of prejudice, which weighs in favor of Sanchez's speedy-trial claim. *See id.* at 813–15.

*Balancing the Barker factors*

When all of the *Barker* factors weigh in favor of finding a violation of the defendant's right to a speedy trial, as they do here, the balance of these factors inevitably tilts in the defendant's favor absent some countervailing circumstance. *See, e.g.*, *State v. Wei*, 447 S.W.3d 549, 558 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Stock v. State*, 214 S.W.3d 761, 767 (Tex. App.—Austin 2007, no pet.). The record does not disclose any countervailing circumstances. Accordingly, we hold that the trial court erred in not finding a violation of Sanchez's right to a speedy trial.

**II.    Confrontation Clause and Hearsay**

As the State's violation of Sanchez's right to a speedy trial disposes of this appeal, we do not reach his confrontation-clause and hearsay claims.

## CONCLUSION

Because Sanchez's right to a speedy trial was violated, we reverse the judgment of the trial court and remand this cause to the trial court with instructions to dismiss the indictment with prejudice.


                                        Jane Bland
                                        Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).