# NO. 12-22-00007-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARTIN WESLEY REYNOLDS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Martin Wesley Reynolds, Jr. appeals his conviction for murder. In one issue, he argues that he was deprived of his constitutional right to a speedy trial. We affirm.

### BACKGROUND

Appellant was arrested on November 5, 2017, and on January 19, 2018, was charged by indictment with murder. Appellant pleaded "not guilty," and the matter ultimately proceeded to a jury trial on November 29, 2021. The jury found Appellant "guilty" as charged and, following a trial on punishment, assessed Appellant's punishment at imprisonment for sixteen years. The trial court sentenced Appellant accordingly, and this appeal followed.

### RIGHT TO SPEEDY TRIAL

In his sole issue, Appellant contends that he was deprived of his constitutional right to a speedy trial. The essential ingredient of the Sixth Amendment's speedy trial guarantee is "orderly expedition and not mere speed." *U.S. v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 459, 30 L. Ed. 2d 468 (1971) (Sixth Amendment right to speedy trial would appear to guarantee criminal defendant that Government will move with dispatch that is appropriate to assure him early and proper disposition of charges against him). The right attaches once a person becomes

an "accused"—that is, once he is arrested or charged. ***Cantu v. State***, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Since 1972, United States Supreme Court precedent has required courts to analyze federal constitutional speedy trial claims "on an ad hoc basis" by weighing and then balancing four factors: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. ***Barker v. Wingo***, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). This balancing test requires weighing case by case "the conduct of both the prosecution and the defendant." ***Id.*** No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation. ***Id.***, 407 U.S. at 533, 92 S. Ct. at 2193; ***State v. Wei***, 447 S.W.3d 549, 553 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd). The related factors must be considered together with such other circumstances as may be relevant. *See* ***Wei***, 447 S.W.3d at 553.

On appeal, we apply a bifurcated standard of review. *See* ***State v. Munoz***, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). We review factual issues for abuse of discretion and review legal issues de novo. ***Id.***

In this case, we conclude that the approximately forty-nine-month delay from the time of Appellant's arrest until his trial commenced meets the first factor and triggers analysis under the remaining ***Barker*** factors. *See, e.g.*, *id.*, at 822 (delay of seventeen months between time of the appellant's arrest and the date of speedy trial hearing).

## Reason for the Delay

Under ***Barker***, "different weights should be assigned to different reasons" for the delay. ***Barker***, 407 U.S. at 531, 92 S. Ct. at 2192. A "deliberate attempt to delay the trial" should be weighed heavily against the government. ***Id.*** A "more neutral reason[,] such as negligence or overcrowded courts[,] should be weighed [against the government] less heavily." ***Id.*** A valid reason for the delay should not be weighed against the government at all. ***Id.*** (valid reason for the delay "should serve to justify appropriate delay"). And delay which is attributable in whole or in part to the defendant may even constitute a waiver of a speedy trial claim. ***Id.***, 407 U.S. at 528–30, 92 S. Ct. at 2191–92 (delay attributable to defendant constitutes waiver of speedy trial); *see also* ***Dickey v. Florida***, 398 U.S. 30, 48, 90 S. Ct. 1564, 1574, 26 L. Ed. 2d 26 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy trial safeguard in the case of a delay for which he has, or shares, responsibility"); ***Munoz***, 991 S.W.2d at 822 (same).

The burden of excusing the delay rests with the state, and in light of a silent record or one containing reasons insufficient to excuse the delay, we must presume that no valid reason for the delay existed. *See Turner v. State*, 545 S.W.2d 133, 137–38 (Tex. Crim. App. 1976). As such, the state's failure to secure Appellant's presence at trial while Appellant was incarcerated will weigh against the state. But absent evidence of intent, we will not weigh the factor so heavily as we would were there evidence of intentional conduct on the state's part. *See Barker*, 407 U.S. at 531, 92 S. Ct. at 2192.

The record in this case reflects that Appellant was arrested on November 5, 2017, and charged with murder on January 19, 2018. The first trial setting in the case was March 26. However, in response to Appellant's motion for continuance, that trial date was reset. We conclude that the ensuing period of delay should weigh against Appellant. *See Munoz*, 991 S.W.2d at 822 (delay attributable to appellant may constitute waiver of speedy trial).

On July 17, the case again was set for trial. Both the State and Appellant announced "ready." But the case was reset to August 20 due to the trial court's case backlog. We conclude that this delay should weigh against the State but not heavily.

On August 15, Appellant filed an application for writ of habeas corpus, in which he challenged the constitutionality of the self-defense statute. The trial court conducted a hearing on Appellant's application on October 1 and denied the application on November 6. The next trial setting was for November 12. But Appellant filed a motion for continuance, in which he asked that the case be stayed until the appeal of his application for writ of habeas corpus was resolved. On January 29, 2019, Appellant moved to abate trial pending the outcome of his appeal. On February 4, the trial court granted Appellant's motion and abated the trial of the matter "until Appellant has exhausted all appellate relief possible and mandate has issued." This court affirmed the trial court's denial of Appellant's application and issued its mandate on November 22, 2019. *See Ex parte Reynolds*, No. 12-19-00028-CR, 2019 WL 4727825, at *3 (Tex. App.–Tyler Sept. 27, 2019, orig. proceeding) (mem. op., not designated for publication). We conclude that this period of delay should weigh against Appellant. *See State v. Davis*, 549 S.W.3d 688, 700 (Tex. App.–Austin 2017, no pet.) (time spent attributable to appellant's pursuit of his appeal weighs against him); *see also Munoz*, 991 S.W.2d at 822.

Thereafter, Appellant's case was set for a pretrial hearing on April 17, 2020. However, as a result of the COVID-19 pandemic, Appellant's case was not set for trial in 2020 or early

2021.  The next status hearing was set for May 11, 2021.  There, Appellant announced "ready," and the trial court set the case for trial on June 28.  We conclude that this period of delay due to a global pandemic should not be weighed against either party.  *See **State v. Conatser***, 645 S.W.3d 925, 929–30 (Tex. App.–Dallas 2022, no pet.).

On June 9, the State filed a motion for continuance based on its forensic pathologist's being unavailable to testify on the date set for trial.  The trial court granted the motion and reset the trial date to December 6, with the understanding that jury selection would begin the week before.[1]  We conclude that this period of delay based on a valid reason should not weigh against the State.  *See **Barker***, 407 U.S. at 531, 92 S. Ct. at 2192.

**Assertion of Federal Constitutional Right to Speedy Trial**

Under ***Barker***, a defendant is responsible for asserting or demanding his right to a speedy trial.  *See **Barker***, 407 U.S. at 528–29, 92 S. Ct. at 2191.  Although a defendant's failure to assert his speedy trial right does not amount to a waiver of that right, "failure to assert the right . . . make[s] it difficult for a defendant to prove he was denied a speedy trial."  ***Dragoo v. State***, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).  This is because a defendant's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial and that he was not prejudiced by a lack thereof.  *See **id.***  Furthermore, the longer the delay, the more likely it becomes that a defendant would take some action to obtain a speedy trial.  *See **id.***  Thus, inaction weighs more heavily against a violation the longer the delay becomes.  ***Id.***

Here, Appellant invoked his right to a speedy trial by way of a writ of habeas corpus filed on April 22, 2021, nearly thirty-nine months after the date he originally was charged with the offense at issue.[2]  Appellant reasserted his right to a speedy trial during a status hearing on May 11 during a discussion of trial settings, as well as during two pretrial hearings in June.  However, there is no evidence that Appellant actively sought a hearing solely on the issue of his right to a

---

[1] Earlier dates, including September 13, 2021, were suggested.  Appellant stated that he was available on September 13.  But the State told the court its expert was not available on that date.

[2] In his brief, Appellant sets forth that he first asserted his right to a speedy trial on June 14, 2018, by filing an election to have the jury decide his punishment.  A formal motion entitled "Motion for Speedy Trial" or other similar moniker is not necessarily required to assert the right to a speedy trial, and it may be asserted in other ways, as long as it is unambiguous.  ***Jimerson v. State***, 629 S.W.3d 569, 576 (Tex. App.–Tyler 2021, no pet.).  Based on our reading of Appellant's jury election, we conclude that such election did not amount to an unambiguous assertion of Appellant's right to a speedy trial.  *See **id.***  Further, we conclude that Appellant's mother's statement at a December 2019 bond reduction hearing that Appellant "actually wants to go to trial" did not amount to an unambiguous assertion of Appellant's right to a speedy trial.  *See **id.***

4

speedy trial.  *See **Zamorano v. State***, 84 S.W.3d 643, 652 n.44 (Tex. Crim. App. 2002) (citing ***Cook v. State***, 741 S.W.2d 928, 940 (Tex. Crim. App. 1987), *vacated and remanded on other grounds*, 488 U.S. 807, 109 S. Ct. 39, 102 L.Ed.2d 19 (1988)) (assertion of right factor weighs against appellant where there is no evidence beyond motions for speedy trial filed with district clerk that appellant asserted right to speedy trial by requesting hearings to present evidence on the matter).  Thus, we conclude that even though Appellant eventually asserted his right to a speedy trial, his failure to seek a hearing at which to present evidence on the matter should cause this factor to weigh against him.  *See **Zamorano***, 84 S.W.3d at 652 n.44.  Nonetheless, the fact that Appellant raised the issue during several hearings after initially invoking his right carries some weight and serves to move this factor closer to a neutral footing.

**Prejudice**

The last ***Barker*** factor is "prejudice to the defendant."  ***Barker***, 407 U.S. at 532–33, 92 S. Ct. at 2193–94.  Prejudice is assessed in light of the interests that the speedy trial right is designed to protect.  ***Id.***  These interests are (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired.  ***Id.***  Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  ***Id.***  Even so, the four interests are interrelated and must be considered together with such other circumstances as may be relevant.  *See **Munoz***, 991 S.W.2d at 828.  The court still must engage in a difficult and sensitive balancing process.  ***Id.***  Although a defendant has the burden to make some showing of prejudice, actual prejudice is not required.  ***Id.*** at 826.

When a defendant makes a prima facie showing of prejudice, the state must prove that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay.  ***Id.***  Excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove.  *See **Doggett v. U.S.***, 505 U.S. 647, 655, 112 S. Ct. 2686, 2693, 120 L. Ed. 2d 520 (1992).  Yet such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other ***Barker*** criteria.  ***Id.***, 505 U.S. at 656, 112 S. Ct. 2693.  But when the state's negligence causes extraordinary delay and when the presumption of prejudice, whether specified or presumed, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted by the state, the defendant is entitled to relief.  ***Id.***, 505 U.S. at 658, 112 S. Ct. at 2694.

For instance, a delay of approximately three years caused by the State's negligence has been found to absolve the defendant from demonstrating prejudice. *Jimerson v. State*, 629 S.W.3d 569, 579 n.5 (Tex. App.–Tyler 2021, no pet.) (citing *Shaw v. State*, 117 S.W.3d 883, 889–90 (Tex. Crim App. 2003); *Zamorano v. State*, 84 S.W.3d at 654). But we cannot overlook the fact that of the forty-nine months which comprise the period of delay in this case, the State bears only a slightly weighted responsibility for seven of those months, while Appellant bears responsibility for sixteen months of the delay. As such, we are reluctant to conclude that prejudice is presumed and Appellant is relieved of making a prima facie showing that his defense was impaired as a result of the delay for which he bore a far greater amount of the attributable responsibility.

Even so, if we were to presume prejudice solely due to the length of the delay, we cannot conclude that this factor weighs in Appellant's favor based on the presumption alone. *See Doggett*, 505 U.S. at 656, 112 S. Ct. at 2693. On appeal, Appellant makes no argument other than that prejudice is presumed from the length of the delay. At trial, Appellant never requested a hearing on the subject of his right to a speedy trial and, thus, never sought to prove his claim. Nonetheless, the record from the May 2021 hearing reflects that Appellant's counsel was prepared to bring the case to trial in as few as ten days. In response, the State noted how difficult it would be to secure its witnesses, some of whom were "scattered throughout the state." On this topic, Appellant's counsel did not respond with suggestions of similar challenges.

The overall force of the record suggests that from April 2021 until trial, Appellant was ready, willing, and able to go to trial. As of May 2021, Appellant was prepared to do so with as little as ten days' notice. Appellant's readiness on such short notice suggests that the availability of witnesses and other evidence to support his defense was not in doubt nor that the passage of time had, in fact, impaired his ability to defend the case. At bottom, nothing in the record suggests Appellant suffered serious prejudice beyond that which ensued from the ordinary and inevitable delay. *See Munoz*, 991 S.W.2d at 828. Thus, having carefully considered and weighed each of these considerations, even assuming a presumption of prejudice, we conclude that this factor weighs against Appellant.

**Balancing the *Barker* Factors**

We now consider and weigh the aforementioned factors. The reasons for the delay, in two instances, are attributable to the State, but only one rises to a "negligence" level. *See*

6

***Barker***, 407 U.S. at 531, 925 S. Ct. at 2192. Moreover, we cannot overlook that two other delays are attributable to Appellant, and that the length of delays attributable to him more than doubles those which are attributable to the State. *See **Barker***, 407 U.S. at 528–30, 92 S. Ct. at 2191–92 (delay attributable to defendant constitutes waiver of speedy trial). We conclude that this factor weighs more heavily against Appellant. And despite the fact that Appellant asserted his right to a speedy trial, he did so nearly thirty-nine months after the date he originally was charged with the offense at issue, and there is no indication he sought a hearing on the matter. Thus, this factor weighs against him, but to the extent he sought to address the matter in multiple hearings, it does not weigh against him heavily. *See **Zamorano***, 84 S.W.3d at 652 n.44; *see also **Cantu***, 253 S.W.3d. at 283. Lastly, the prejudice prong weighs in the State's favor because, as previously discussed, the record does not support that Appellant's ability to defend his case was compromised, and the amount of delay in this case attributable to Appellant more than doubles that which is attributable to the State. *See **Munoz***, 991 S.W.2d at 826. Thus, having considered the aforementioned factors and the entirety of the record, we conclude that the factors weigh against Appellant. *See **Barker***, 407 U.S. at 539, 92 S. Ct. at 2182. Therefore, we hold that Appellant's right to a speedy trial was not violated. Appellant's sole issue is overruled.

<u>**DISPOSITION**</u>

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered April 5, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 5, 2023**

**NO. 12-22-00007-CR**

**MARTIN WESLEY REYNOLDS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0005-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*